Note.—Reported in 204 N. W. 166. See, Headnote (1), American Key-Numbered Digest, Trial, Key-No. 177, 38 Cyc. 1583; (2) Chattel mortgages, Key-No. 49(1), 11 C. J. Sec. 90.

STATE, Respondent, v. WALTERS, Appellant.

(204 N. W. 171.)

(File No. 5652. Opinion filed June 3, 1925.)

1. **Criminal Law—Trial—Statute, Authorizing Court to Permit Plea of Guilty to be Withdrawn Before Judgment, is not Mandatory.**

Rev. Code 1919, Sec. 4784, providing "the court may, at any time before judgment, on plea of guilty, permit it to be withdrawn and a plea of not guilty substituted," is not mandatory.

2. **Criminal Law—Trial—Appeal and Error—Denial of Permission to Withdraw Plea of Guilty Held Abuse of Discretion.**

Denial of motion for permission to withdraw plea of guilty and file plea of not guilty, under Rev. Code 1919, Sec. 4784, held abuse of discretion, in view of circumstances under which plea was entered in reliance on promise of leniency.

Appeal from Circuit Court, Hughes County; Hon. James McNenny, Judge.

Timothy Walters pleaded guilty to a charge of violating prohibition law, and, from judgment after denial of motion for permission to withdraw such plea, he appeals. Judgment vacated, and cause remanded with directions.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Brief Attorney, of Pierre, for Respondent.

(1) To point one of the opinion, Appellant cited: State v. Hortman, 97 N. W. 981; State v. Henning, 3 S. D. 492; State v. Palmer, 4 S. D. 543; State v. Finder, 12 S. D. 423; State v. Johnson, 124 N. W. 849; State v. Kent, 62 N. W. 63; State v. Kent (N. D.), 67 N. W. 1052; 35 L. R. A. 518; Krolage v. People, 224 Ill. 456, 8 Ann. Cas. 235; Pope v. State, 16 Ann. Cas. 972.

Respondent cited: People v. Bostick (Cal.), 141 P. 380; People v. Dabner (Cal.), 95 P. 880; People v. Brown (Cal.), 175 P. 85; People v. Bellon (Cal.), 182 P. 420; People v. Cosgrove (Cal.), 192 P. 165; State v. Van Nice, 7 S. D. 104.

GATES, J.   The information charged defendant with the manufacture of intoxicating liquor for beverage purposes in violation of section 10244, Rev. Code 1919.   In October, 1921, he pleaded guilty.   The trial court did not pronounce sentence at that time.   At the next term, March, 1922, the case was not on the calendar.   At the October, 1922, term the case was ordered off the calendar.   At the March, 1923, term the case was on the calendar and was continued.   At the October, 1923, term the case was continued.   At the March, 1924, term defendant was brought into court, a judge from another circuit presided, and the state's attorney asked the court to pronounce sentence.   Thereupon, on a showing by affidavits, the defendant asked leave to withdraw his plea of guilty and enter a plea of not guilty.   The court denied such leave and gave defendant the minimum sentence under the statute.   He appeals from the judgment.

[1]   The only question presented for consideration is whether the trial court erred in refusing defendant leave to change his plea.   The statute relative thereto is section 4784, Rev. Code 1919, viz:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted."

Appellant first contends that "may" should be construed to mean "must," and therefore that the trial court had no discretion in the matter.   The courts of Iowa and Georgia have so held under similar statutes, but the overwhelming weight of authority is to the contrary.   See note, 20 A. L. R. 1445.   We agree with the prevailing rule especially in view of what was said in State v. Van Nice, 7 S. D. 104, 63 N. W. 537, and State v. Egan, 47 S. D. 1, 195 N. W. 642.

[2]   Appellant further contends that, if discretionary power was lodged in the court, it was an abuse of discretion to deny leave to change the plea.   The facts leading up to the plea are quite in dispute.   The claim of appellant is that he was induced to plead guilty by the promised recommendation of the state's attorney that no sentence would be imposed or that sentence would be suspended.   The attorney, appointed by the court to represent him, because of his indigence, made the following affidavit:

"That immediately after said appointment, James F. Callahan, state's attorney for Stanley county, spoke to affiant and stated that said Walters was married and had a large family of young children; that he (Callahan) did not want a jail sentence imposed on Walters, as such sentence would result in Stanley county having to support the said family, and that if said Walters would plead guilty, he (Callahan) would agree and urge to the court that sentence be not pronounced upon said Walters; that thereupon affiant advised said Walters to plead guilty and, upon such plea being made, affiant in open court stated the facts to the court, and said Callahan, in open court, stated that the facts as stated by affiant were true as he understood it, and that no good would be served by sentencing said Walters, at said time; that thereupon the Honorable John F. Hughes, presiding judge, stated to Walters, in open court, that he would not sentence him at that time; that the suggestion of said Callahan to affiant prompted and was the reason for affiant's advice to said Walters to enter a plea of guilty."

This is corroborated by defendant and by the circuit judge of the Sixth judicial circuit. There is considerable evidence to the contrary. Facts were also alleged in the affidavits which, if undisputed, would tend to show that defendant was not connected with the manufacture of liquor. In pronouncing sentence, the substitute judge said:

"Now, if in this case the defendant had entered a plea of 'guilty' and it had been agreed between the court and the parties that the sentence would be suspended and the sentence was, in fact, suspended, the matter would come before the court at this time to enforce the law by a proper sentence, and upon the application of the defendant to withdraw his plea the court would be inclined to consider it very seriously; but in this case the only matter that was suggested was leniency, and of course the court can only assume that was legal leniency which would be the minimum provided by the statute. I am of the opinion, therefore, that the showing is not sufficient to authorize the court in allowing him to withdraw the plea of 'guilty' and interposing a plea of 'not guilty,' in view of the fact that the evidence has, according to law, been partially destroyed, and the witnesses are not here at this time. So the motion will be overruled."

In view of the showing, it is clear that the judge erred in saying that the only matter suggested was leniency. It is also apparent that no appreciable significance should attach to the fact that the liquor had been destroyed. The fact of its destruction would not destroy the possibility of proving that it was intoxicating liquor.

Without undertaking to determine the truth of the respective affidavits, it seems to us that defendant pleaded guilty, either under a misapprehension of the facts with some foundation for his belief, or else because the facts were as contended on his behalf, and therefore we think that this was a case where the discretion of the trial court should have been exercised in favor of allowing the defendant to change his plea of guilty to that of not guilty.

The judgment will be vacated, and the cause remanded with direction to allow such change of plea.

Note.—Reported in 204 N. W. 181. See, Headnotes (1), and (2), Criminal law, Key-No. 274, 16 C. J. Sec. 730.