STATE, Respondent v. PEKAREK, Appellant

(148 N.W.2d 328)

(File No. 10338.   Opinion filed February 15, 1967)

**Morris Myers,** Aberdeen, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, **Erwin L. Wiest,** State's Atty., Herreid, for plaintiff and respondent.

HANSON, Judge.

Defendant was arrested and charged with the crime of rape on August 7, 1965. He immediately retained counsel. For some reason the crime of rape was not further prosecuted, but defendant was re-arrested and charged with the crime of indecent molestation of a child. A preliminary hearing was held on August 16, 1965 at which time defendant was bound over to Circuit Court for trial.

On August 21, 1965 an information was filed in Circuit Court charging defendant with the crime of indecent molestation of a child. An arraignment was held the same day before the Honorable H. E. Mundt. Defendant appeared in person and by coun-

sel and entered a plea of guilty. He was thereupon sentenced to serve a term of five years in the State Penitentiary where he is now confined.

On February 4, 1966 defendant made application to the Circuit Court which imposed sentence for an order allowing him to withdraw his plea of guilty and substitute a plea of not guilty. The application was heard on February 28, 1966 and defendant appeals from the order denying the same.

■ SDC 1960 Supp. 34.3522 provides in part "The Court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted." Under this section, an application to withdraw a plea is addressed to the sound discretion of the trial court. State v. Walters, 48 S.D. 322, 204 N.W. 171, and State v. Mee, 67 S.D. 335, 292 N.W. 875.

■■ Some jurisdictions also allow a plea of guilty to be withdrawn at the discretion of the trial court after judgment, 21 Am.Jur.2d, Criminal Law, § 506, p. 498, Annotations 20 A.L.R. 1447 and 66 A.L.R. 631. However, the premissive authority to do so under our statute ends when the judgment becomes final. Thereafter, the judgment cannot be vacated, in accordance with general principles, unless the judgment is void because of fraud in its procurement or for other vitiating reasons. State v. McKeen, 186 Wash. 127, 56 P.2d 1026; State v. Harper, 220 Iowa 515, 258 N.W. 886; and State v. Tracy, 219 Iowa 1412, 261 N.W. 527. No such nullifying grounds were urged by defendant in the present case and the trial court did not abuse its discretion in denying his application. Post conviction remedies are available for hearing and determining factually related matters such as those relied upon by defendant. State v. Haas, 69 S.D. 204, 8 N.W.2d 569.

Affirmed.

HOMEYER, P. J., ROBERTS and BIEGELMEIER, JJ., and BANDY, Circuit Judge, concur.

BANDY, Circuit Judge, sitting for RENTTO, J., disqualified.