PEOPLE v RICHARD HALL

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DISCRE-
   TION.

   A trial judge's discretion should be exercised with great liberality
   in determining whether a defendant's motion to withdraw a
   plea of guilty, made prior to sentencing, should be granted;
   although a defendant has no absolute right to withdraw his
   plea, where the request is not obviously frivolous it should be
   granted.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DE-
   FENSES—INNOCENCE.

   A defendant's request to withdraw his plea of guilty which was
   based on the claim that the plea transcript did not support the
   charge, is tantamount to an assertion that he is innocent, and
   where a defense of innocence is asserted the right involved is
   the right to a jury trial and even a well-founded belief in the
   defendant's guilt on the part of the trial judge should not
   impede the exercise of that right.

Appeal from Recorder's Court of Detroit, John
P. O'Brien, J. Submitted Division 1 June 4, 1974,
at Detroit. (Docket No. 17929.) Decided October 22,
1974.

Richard B. Hall was convicted, on his plea of
guilty, of second-degree murder. Defendant's mo-
tion to withdraw his plea of guilty was denied.
Defendant appeals. Reversed and remanded for an
order allowing withdrawal of plea, and a new trial.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 503–506, 509.

Plea of guilty without advice of counsel. 149 ALR 1403.

Construction and application of provisions of Rule 32(d) of Federal
Rules of Criminal Procedure permitting withdrawal, after sen-
tence, of plea of guilty or nolo contendere—federal cases. 99 L Ed
217.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Theodore B. Sallen (Carl Ziemba,* of counsel), for defendant.

Before: BRONSON, P. J., and QUINN, and VAN VALKENBURG,* JJ.

PER CURIAM. On April 27, 1973, defendant-appellant, Richard Bernard Hall, withdrew his plea of not guilty to first-degree murder and pled guilty to the lesser included offense of second-degree murder, MCLA 750.317; MSA 28.549, before Detroit Recorder's Court Judge John Patrick O'Brien. Hall was sentenced on July 16, 1973, to a term of from 10 to 15 years in prison.

Subsequent to acceptance of the guilty plea, but prior to sentencing, Albert A. Kramer replaced Henry Thuman as Hall's counsel. On June 21, 1973, a motion to withdraw Hall's plea of guilty was filed,[1] asserting, *inter alia,* that an examination of the plea transcript failed to support the second-degree murder charge. Judge O'Brien denied the motion and proceeded to sentence "as a manslaughter case".

Hall asserts on this appeal that Judge O'Brien abused his discretion in refusing to grant the motion to withdraw Hall's guilty plea. On the record before us, we are constrained to agree.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The motion itself does not appear in the record. A copy is appended to appellee's brief. That the motion was made is undisputed.

Hall's motion was made prior to sentencing. Because his plea was taken at an early stage in the proceedings, the time and expense of trial commencement, including the impaneling of a jury and subpoenaing of witnesses, was avoided.[2]

Hall claims that the plea transcript does not support a charge of second-degree murder. The transcript reveals the following exchange:

"*A.* She pushed on me, then the gun was laying on the side of the bed; I told her to leave me alone, all right, I shot at her, all right, she went back into the kitchen—.

\*    \*    \*

"*Q.* Did you miss her?

"*A.* I missed her, I didn't intend actually to shoot her.

\*    \*    \*

All right, she goes to cursing and stuff again, telling me what her brother would do to me and all this here; I couldn't take no more and I shot at her.

"*Q.* With the shotgun?

"*A.* Yes.

"*Q.* Your shot killed her?    .

"*A.* Yes, it did.

"*Q.* You aimed the gun at her?

"*A.* I throwed it up and shot.

"*Q.* Your intention was to shoot her?

"*A.* Not actually, no.

"*The Court:* I can't take a plea like that.

(Whereupon an off-the-record discussion was had.)

"*The Defendant:* Well, I intended to shoot her then, yes. I took the gun and aimed it at her and shot her.

"*Q. (By the court, continuing):* Tell me what happened. You picked up the gun, what did you do?

"*A.* I picked it up, aimed it and shot her while she was standing out in between the house.

"*Q.* Did you shoot her on purpose?

"*A.* Yes, I did.

---

[2] *Compare People v Boone,* 47 Mich App 548, 551; 209 NW2d 693, 694 (1973) [concurring opinion].

"*Q.* Did you mean to inflict injury to her?

"*A.* Not actually, no.

"*Q.* What was your intention?

"*A.* My intention was to scare her but I just hit her.

"*The Court:* I can't take that plea.

"*Mr. Thuman [defense attorney]:* I asked him not to make up any stories.

"*The Court:* If that's your story, you've got to tell a jury that.

"*Mr. Thuman:* Could we—?

"*The Court:* You want to talk to him for a minute?

"*Mr. Thuman:* Your Honor, I will not ask him to change his story. Is that what happened?

"*The Defendant:* She was standing in between the house now; so she kept on talking and I took the gun and shot her.

"*Q. (By the court, continuing):* Was your intention to shoot her?

"*A.* Yes, it was.

"*Q.* You didn't care whether you killed her or not?

"*A.* No, I was mad.

"*The Court:* All right, I'll accept that plea, is that the true story?

"*The Defendant:* Yes, it is."

This quoted extract might not support a finding of "no basis in fact" for the plea, rendering the plea itself unacceptable.[3] It might not be enough to warrant a conclusion that the plea was involuntarily made.[4] But the test for determining when a motion to withdraw a guilty plea should be granted is less strict. Though after acceptance of the plea there is no absolute right to withdrawal, *People v Case,* 340 Mich 526; 65 NW2d 803 (1954), the trial judge's discretion should be exercised "with great liberality when the motion is made prior to sentence or commencement of trial". *People v Bencheck,* 360 Mich 430, 432; 104 NW2d 191,

---

[3] GCR 1963, 785.7(3).

[4] GCR 1963, 785.7(2).

192 (1960). See, also, *People v Cochrane,* 40 Mich App 316; 198 NW2d 417 (1972).

The *Bencheck* Court formulated the test as follows:

"Where * * * a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is not obviously frivolous and is made before commencement of trial and before sentence, the plea should be granted. The right we deal with here is the right to a jury trial, and even what may prove a well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of that right." *Bencheck, supra,* at 433.

Hall's claim that the plea transcript did not support the charge of second-degree murder is tantamount to an assertion that he is innocent of that charge. Magic words need not be used to claim constitutional rights. *Cf. People v Kenneth Jones,* 45 Mich App 351, 352–353; 206 NW2d 477, 478 (1973). In addition, the request to withdraw was not "obviously frivolous".[5] On the contrary, it receives substantial support in the record, which "shows circumstances that cast grave suspicion upon the veracity and voluntariness of the guilty plea". *People v Hollman,* 12 Mich App 231, 235; 162 NW2d 817, 819 (1968).

Accordingly, we hold that it was an abuse of discretion to deny defendant's motion to withdraw his guilty plea.

Reversed and remanded for an order allowing withdrawal of plea, and new trial.[6]

---

[5] *Compare* the leading case on frivolity, *People v Zaleski,* 375 Mich 71; 133 NW2d 175 (1965). *See, also, People v Malone,* 385 Mich 769 (1971), and *People v Boone, supra,* which attempt to reconcile *Bencheck* with *Zaleski.*

[6] The potential impact of *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), on the present facts is left open as the issue has been neither briefed nor argued. *But cf. Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974).