STATE of South Dakota, Plaintiff and Respondent,

v.

Harold McCONKEY, Jr., Defendant and Appellant.

No. 11639.

Supreme Court of South Dakota.

Argued Oct. 21, 1975.

Decided Dec. 16, 1976.

Earl R. Mettler, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

Laurence J. Zastrow, Legal Intern, Kenneth G. Campbell, Rapid City, for defendant and appellant.

DUNN, Chief Justice (on reassignment).

Defendant pleaded guilty to a charge of third degree burglary and was sentenced to ninety days' imprisonment in the Pennington County jail. He appeals, contending, inter alia, that the trial court erred in not permitting him to withdraw his guilty plea after the trial court indicated that the state's attorney's recommendation as a result of plea bargaining would not be followed. We reverse.

Defendant was charged on December 3, 1974. Thereafter, counsel was appointed to represent him and on January 30, 1975, defendant signed under oath a "Petition To Enter Plea Of Guilty" in the presence of his attorney. Paragraph 8 of the petition states that:

"I understand that if I plead 'GUILTY', the sentencing is solely at the discretion of the Judge, and neither my defense counsel nor the States Attorney can control that sentencing. I further understand that any recommendation made by the States Attorney is not binding upon the Court, and the Court may impose the same punishment as if I had pled 'NOT GUILTY', stood trial, and been convicted."

Paragraph 9 of the petition states that:

"I declare that no officer or any agent of any branch of government, Federal, State or local, [has] made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I will receive a lighter sentence, or probation, or any other form of leniency if I plead 'GUILTY', except (state any plea negotiation agreements): that upon entering a

plea of guilty, the state will recommend for the Judge's consideration suspending imposition of sentence."

On January 31, 1975, defendant and his attorney appeared before the circuit court for arraignment, at which time the petition to enter a plea of guilty was received as an exhibit. After fully advising defendant of his statutory and constitutional rights, the trial court asked the deputy state's attorney whether any plea discussions had occurred between his office and defendant's counsel. The deputy state's attorney replied that the state's attorney's office had advised defense counsel that if defendant would plead guilty to the third degree burglary charge against him the state would recommend for the court's consideration that imposition of sentence be suspended and that defendant be placed on probation. The deputy state's attorney then stated:

"  *  *  *  And Mr. Hagg (a fellow deputy state's attorney) insisted to me that the reason he was going to make such a recommendation for the Court to consider was the age of the defendant, his unblemished past record and his work record. And at this time, I would notify the Court of that recommendation and just simply ask that the Court would consider such.".

Immediately following this statement, defendant's counsel stated that:

"Your Honor, for the record, I believe that's an accurate description as I understand the plea negotiations. I have discussed with Mr. McConkey in regard to those plea negotiations that this was merely a recommendation. It is not binding on the Court and it is merely for the Judge's consideration. And that the Judge, whoever he would be, at the time, could sentence Mr. McConkey up to and including the maximum penalty for this crime."

The following colloquy then took place between the court and defendant:

"THE COURT:

"Young man, do you agree—especially, with what your defense counsel has said here in court today?

"THE DEFENDANT:

"Yes.

"THE COURT:

"That is, you were aware of a plea negotiation and that this recommendation of probation would be given to the Court?

"THE DEFENDANT:

"Yes.

"THE COURT:

"Do you understand that even though that recommendation has been made to the Court of Probation, that the Court is not bound by those plea discussions and is not bound by the State's Attorney's recommendation for probation?

"THE DEFENDANT:

"Yes.

"THE COURT:

"You are aware of that?

"THE DEFENDANT:

"Yes.

"THE COURT:

"Knowing—of those discussions knowing that the Court has told you that the Court is not bound by that recommendation, do you still persist in your plea of guilty?

"DEFENDANT:

"Yes."

After determining that there was a factual basis for defendant's plea, the trial court ordered, with defendant's consent, that a presentence investigation be conducted and a report submitted.

The defendant appeared for sentencing on February 21, 1975. Defense counsel was not permitted to see the presentence report on defendant, but was advised in chambers that the report was "bad" and that the court was not inclined to follow the recommendation of probation. Defense counsel then requested that the court follow ABA Standards and permit defendant to withdraw his plea where the plea negotiation recommendation was not being adopted by the court. This was refused. Then, prior to sentencing, the defendant formally moved to withdraw his plea. This motion was denied and a jail sentence was pronounced by the court.

Defendant contends that the trial court erred in not permitting him to withdraw his guilty plea after it became apparent that the trial court was not going to follow the plea agreement. To support this contention, defendant cites Standard 3.3(b) of the American Bar Association's Standards Relating To Pleas Of Guilty (Approved Draft, 1968), which reads in part as follows:

"3.3 *Responsibilities of the trial judge.*

\* \* \* \* \* \*

"(b) If a tentative plea agreement has been reached which contemplates entry of a plea of guilty or nolo contendere in the expectation that other charges before that court will be dismissed or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the tentative agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate to the prosecuting attorney and defense counsel whether he will concur in the proposed disposition if the information in the presentence report is consistent with the representations made to him. If the trial judge concurs, but later decides that the final disposition should not include the charge or sentence concessions contemplated by the plea agreement, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty or nolo contendere."

Defendant also cites Standard 4.1 of the American Bar Association Standards Relating To The Function of the Trial Judge (Approved Draft 1972) which provides in part that:

"4.1 *Role of the judge in plea discussions and plea agreements.*

\* \* \* \* \* \*

"(c) If the plea agreement contemplates the granting of charge or sentence concessions by the trial judge, he should:

\* \* \* \* \* \*

"(iii) permit withdrawal of the plea (or, if it has not yet been accepted, withdrawal of the tender of the plea) in any case in which the judge determines not to grant the charge or sentence concessions contemplated by the agreement."

Where plea bargaining is practiced, we must in all fairness permit a withdrawal of a plea where the court refuses to accept the bargain. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; *United States v. Gallington*, 8 Cir., 488 F.2d 637. All warnings become meaningless if a defendant is not permitted the option of withdrawing his plea prior to sentencing. By this, we do not indicate that the court is in any way bound by the plea agreement, and in this case it is apparent from the record that this fact was made abundantly clear to defendant; however, this is not the point in issue here. In this case, the court informed defendant that it would not follow the plea agreement; now the question becomes whether a defendant *who has made a plea based on a plea agreement should be permitted to withdraw that plea prior to sentencing where the court refuses to follow the recommendation of the plea agreement.* We hold that the defendant should be given the opportunity to withdraw his plea under these circumstances and that a refusal to permit such withdrawal would be an abuse of the court's discretion.\* *State v. Egan*, 1923, 47 S.D. 1, 195 N.W. 642; *State v. Walters*, 1925, 48 S.D. 322, 204 N.W. 171; *State v. Mee*, 1940, 67 S.D. 335, 292 N.W. 875.

Reversed.

WINANS and COLER, JJ., concur.

WOLLMAN, J., dissents.

ZASTROW, J., not having been a member of the court at the time this case was orally argued, did not participate.

---

\* This case is readily distinguishable from the case of *State v. Steinmetz*, S.D., 247 N.W.2d 690, also being issued by this court today, in that Judge Jones in the *Steinmetz* case gave the defendant an opportunity to withdraw his plea at the sentencing hearing.

WOLLMAN, Justice (dissenting).

I would follow those decisions that hold that once the trial court has made it clear to the defendant that the court is not bound by any plea agreements and recommendations made by the prosecutor, it is within the discretion of the trial court to permit the defendant to withdraw his guilty plea if the court in the exercise of its discretion determines that the prosecutor's sentence recommendation, based upon plea negotiations that are fully and fairly disclosed to the trial court prior to the time that the plea is entered, should not be followed. *State v. Parrish*, Iowa, 232 N.W.2d 511; *Couch v. Commonwealth*, Ky., 528 S.W.2d 712; *State v. Evans*, 194 Neb. 559, 234 N.W.2d 199; *State v. Farris*, 114 N.H. 355, 320 A.2d 642; *Cruz v. State*, Tex.Crim.App., 530 S.W.2d 817; *Gibson v. State*, Tex.Crim. App., 532 S.W.2d 69.

I do not mean to say that there is no merit in the recommended American Bar Association Standards set forth in the majority opinion, nor that our trial courts should not in the exercise of their discretion follow the procedures therein described. Rather, I would give due weight to SDCL 23–35–22, which provides that:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted."

An application to withdraw a plea pursuant to this statute is addressed to the sound discretion of the trial court. *State v. Pekarek*, 82 S.D. 486, 148 N.W.2d 328; *State v. Mee*, 67 S.D. 335, 292 N.W. 875; *State v. Walters*, 48 S.D. 322, 204 N.W. 171. When measured against that standard, I would hold that the trial court did not err in denying defendant's request to withdraw his guilty plea. There is nothing in the record to indicate that the trial court in any way indicated to defendant that the state's recommended sentence would be imposed; in fact, it is hard to see how the trial court could have made clearer to defendant the fact that the court would not be bound by any such recommendation. The trial court's questions at the arraignment and the defendant's answers thereto, together with the defendant's prearraignment written acknowledgment, establish beyond any doubt that defendant was made aware of the fact that the state's recommendation that imposition of sentence be suspended and defendant be placed on probation would be only that—a recommendation. Moreover, the state did not fail to carry out its part of the plea bargain. Thus we are not faced with the fact situation that gave rise to the decision in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427.

In the absence, then, of any record evidence that defendant was in any way led to believe that the trial court would necessarily follow the state's recommendation, I would hold that the trial court did not err in refusing to grant defendant's request to withdraw his guilty plea. Rather than to superimpose the above quoted American Bar Association Standards as limitations upon the trial court's discretion to permit the withdrawal of a guilty plea pursuant to SDCL 23–35–22, I prefer to look upon those standards as guidelines to be applied by the trial courts on a case-by-case basis as the facts may warrant.

I would affirm the judgment of conviction.