STATE of South Dakota, Plaintiff and Respondent,

v.

Larry Edward STEINMETZ, Defendant and Appellant.

Nos. 11644, 11645.

Supreme Court of South Dakota.

Dec. 16, 1976.

Rehearing Denied Jan. 19, 1977.

Earl R. Mettler, Asst. Atty. Gen., for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

Terry L. Pechota, Fort Thompson, T. Michael Carter, Nripendra N. Singh, Eagle Butte, for defendant and appellant.

WOLLMAN, Justice.

Defendant pleaded guilty to charges of grand larceny and third degree forgery and was sentenced to serve not less than two nor more than five years in the state penitentiary on each charge, the sentences to run concurrently. Defendant appeals, contending that the trial court erred in not imposing sentence in accordance with a plea bargain reached between defendant and the state and in not permitting defendant to withdraw his guilty plea after sentence was pronounced. We affirm.

When defendant appeared for arraignment before the circuit court, it developed that he had not been represented by counsel at the time he waived preliminary hearing on the two felony charges. Consequently, at the request of defendant's court appointed counsel the trial court ordered the matter remanded to the district county court for a preliminary hearing on both charges. Immediately after the trial court announced this ruling from the bench, defendant's counsel stated that a plea bargain agreement had been reached with the state's attorney whereby defendant would plead guilty to the two charges and would be put on probation for two years and be required to pay the costs of the criminal action and make restitution to the victims of the offenses. In response to counsel's request that the court make a commitment to abide by the terms of this plea bargain as a condition to defendant's entering a plea of guilty, the court stated that:

"THE COURT: The Court will state that the Court was not a party to the plea bargaining negotiations. The Court will not submit itself to the imposition of any specific sentence as a condition prior to entering a plea of guilty.

"The Court will consider the recommendation of counsel for the State and counsel for the defendant, but the Court will not commit itself to a sentence based upon the plea negotiations.

"Do you desire to make any further record? If you do, the Court will permit you to do so."

\* \* \* \* \* \*

"It is the Court's position the Court does not consider itself bound by any plea bargaining reached by the States Attorney and defendant's counsel. It is the Court's obligation to impose on conviction or a plea of guilty any appropriate sentence as it deems appropriate. The Court will consider the recommendations made by the States Attorney and the defendant's counsel, but the Court would not consider itself bound by said recommendations. \* \* \* "

Defendant's counsel then stated: ·

"MR. PECHOTA: Let the defendant plead guilty. We are willing to plead guilty to the charges pursuant to the plea bargaining agreement. To that extent, the plea is voluntary and if the Court rejects the plea bargaining, it will be involuntary."

In response to this statement, the court stated that:

"THE COURT: The Court thinks it is wholly improper and beyond the scope of propriety in the disposition of criminal cases and the Court will not permit a conditional plea of the type referred to by counsel."

Following a preliminary hearing, defendant entered a plea of guilty on both charges on December 30, 1974, although we find no transcript of those proceedings in the settled record. Following the completion of a presentence investigation and report, defendant appeared for sentencing on February 10, 1975, at which time the trial court informed him that if he for any reason wished to withdraw his guilty pleas previously entered and proceed to trial he could at that time make a motion to withdraw the pleas. After a conference between defendant and his attorney, defendant stated that he did not desire to withdraw his pleas. Defendant's counsel then called the court's attention to the fact that a plea bargain had been reached between defendant and

the state and asked that the court seriously consider that agreement in passing sentence upon defendant. In response to this, the trial court stated that:

"THE COURT: I believe we made a sufficient record in the past on the recommendations being made by you and the States Attorney. But I say again, Mr. Steinmetz, that I want to be sure that you understand that any recommendation made by either your attorney or the States Attorney are not binding on the Court and it is the Court's obligation to fix a sentence it considers to be appropriate under the circumstances of the case. Do you understand that?

"MR. STEINMETZ: Yes."

Following a statement in mitigation of sentence by defendant's counsel and questions directed by the court to defendant concerning his behavior since his arrest on the charges, the trial court imposed the sentence described above.

Defendant chose not to withdraw his guilty pleas after being given an opportunity to do so at the sentencing hearing and after being clearly advised by the trial court that the court was not bound by the recommendation made by defense counsel or the state. Cf. *State v. McConkey*, S.D., 247 N.W.2d 687. As the trial court aptly pointed out, it is the court's obligation to impose an appropriate sentence. Our trial judges have an obligation to the citizens of the state to exercise their independent judgment with respect to the matter of imposing sentence in criminal cases. If in a given case a trial court determines that it would be in the interest of the public and of the defendant that an expression of approval or disapproval of the terms of a plea bargain be made prior to the entering of a plea by a defendant, the court can proceed accordingly. We do not wish to impose this procedure as a mandatory requirement, however, and consequently we hold that the trial court did not err in either refusing to impose sentence on the basis of the plea bargain agreement between the state and the defendant or in refusing defendant per-

mission to withdraw his guilty plea following pronouncement of sentence.

The judgments of conviction are affirmed.

DUNN, C. J. and WINANS and COLER, JJ., concur.

ZASTROW, J., not having been a member of the court at the time this case was orally argued, did not participate.