STATE of South Dakota, Plaintiff and Respondent,

v.

Kenneth Ray DOHERTY, Defendant and Appellant.

No. 12115.

Supreme Court of South Dakota.

Jan. 16, 1978.

John P. Guhin, Asst. Atty. Gen., for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

John P. Abbott, Brandon, for defendant and appellant.

ZASTROW, Justice.

This is an appeal by defendant from the judgment and sentence based upon a plea of guilty entered by the defendant to the charge of rape. The defendant alleges that the trial court abused its discretion in refusing to allow the defendant to withdraw the plea of guilty before the sentencing. We reverse.

The defendant was charged with rape allegedly perpetrated on July 18, 1976. On July 27, 1976, after a preliminary hearing, he was arraigned upon the state's informations—one charging him with rape, another charging him with an unrelated burglary. The defendant pleaded not guilty; a psychiatric examination was requested and allowed by the court. On October 1, 1976, the defendant was rearraigned before another circuit judge. The court was advised that as a result of plea bargaining the defendant

was changing his plea to the rape charge to guilty. After the guilty plea was tendered, the trial court granted the state's motion to dismiss the burglary charge (the charge concession). The court inquired of the defendant whether any other promises had been made to him, and the defendant replied, "Just that the State would recommend a year"[1] (the sentence concession).

■ The trial court did not question the defendant to determine whether or not he understood his right to a jury trial, his right to confront witnesses and his privilege against self-incrimination. Upon the entering of the plea, no inquiry was made to determine whether the defendant understood that these rights were waived by that plea.[2] At no time did the trial judge inquire of the defendant or counsel the factual circumstances of the charge, nor did he make a determination that a factual basis existed for the guilty plea. A presentence investigation was ordered with the defendant's consent, and sentencing was set for October 20, 1976.

On that date, the defendant appeared and promptly moved the trial court to allow him to withdraw his pleas of guilty. Although several reasons were given, the most important were defendant's assertion that he was innocent of the charge, that he wanted the opportunity to present his version of the facts, and that he had misunderstood his right to be present during jury selection. The state's attorney, allowing that the

change of plea was within the court's discretion, indicated that, if allowed, the state would recharge the burglary and try the cases upon one or two days notice. The trial court denied the motion and sentenced the defendant to twenty years in the state penitentiary.

The defendant raises two issues in his appeal: (1) Did the trial court err in refusing to allow the defendant's motion to withdraw his plea of guilty, and (2) Did the trial court err in sentencing the defendant to twenty years when, pursuant to plea negotiations, the state's attorney had recommended a sentence concession of eight years?

### Plea Withdrawal

■ The withdrawal of a guilty plea before the entry of judgment is within the sound discretion of the trial judge. SDCL 23–35–22. However, that discretion should be exercised liberally in favor of withdrawal, unless it appears that the state has detrimentally relied upon that plea and the prosecution of the defendant has been thereby prejudiced. *People v. Hall,* 1974, 56 Mich. App. 278, 224 N.W.2d 62; *Hirt v. State,* 1974, 298 Minn. 553, 214 N.W.2d 778; *State v. Herman,* 1966, 47 N.J. 73, 219 A.2d 413.

When the defendant moved to withdraw his plea of guilty, only twenty days had elapsed since his arraignment and only three months[3] since the alleged crime had

---

1. Although the transcript indicates that the defendant's reply was "a year," all parties agree that the agreement was "eight years" and that the transcript was an incorrect transcription of defendant's statement.

2. This court has previously instructed the trial judges of this state that after June 2, 1969, "it is now settled as a principle of the constitutional law that a plea of guilty cannot stand unless the record in some manner indicates a free and intelligent waiver of the three constitutional rights mentioned in *Boykin*—self-incrimination, confrontation and jury trial—and an understanding of the nature and consequences of the plea. South Dakota judges can no longer assume that an accused represented by counsel has been informed of such matters and the judge must actively participate by 'canvassing the matter with the accused.' A silent

record is not sufficient." *Nachtigall v. Erickson,* 1970, 85 S.D. 122, 128, 178 N.W.2d 198, 201. See also *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Advising defendant of his rights, the nature of the charge, and the nature and consequences of his plea took the form of a soliloquy by the trial judge which covered four pages of transcript. After further discussion concerning the defendant's financial status and plea negotiations, the court inquired: "Are there any questions that you have, sir?" Mr. Doherty: "No." This does not show that the judge "* * * actively participate(d) by 'canvassing the matter with the accused.' "

3. It appears that the defendant was undergoing the psychiatric evaluation at the South Dakota Human Services Center for most of this period.

been committed. Furthermore, the assistant state's attorney was prepared to immediately prosecute the case upon one or two days notice. It does not appear nor does the state suggest that it had relied upon the defendant's guilty plea to its detriment or that the prosecution of the defendant would, in any manner, have been prejudiced by the withdrawal of the plea.

The defendant's argument centers around the distinction between *State v. McConkey*, 1976, S.D., 247 N.W.2d 687, and *State v. Steinmetz*, 1976, S.D., 247 N.W.2d 690. The trial court's failure to concur in the plea bargain was not a reason given for withdrawal of the defendant's guilty plea. To the contrary, the trial court had already concurred in the charge concession and allowed the state to dismiss the burglary charge. Defendant points out that until the pronouncement of the sentence, he could not have known that the trial judge did not concur in the sentence concession. In *Steinmetz*, this court held that the trial judge did not have to advise the defendant whether he concurred or did not concur in the sentence concession.[4] In *McConkey*, this court held that if the court did not concur in the sentence concession—a fact which was communicated to the defendant in that case—the plea must be allowed to be withdrawn.

The court in *McConkey* distinguished the situation from *Steinmetz* by pointing out that in *Steinmetz* the trial judge had given the defendant an opportunity to withdraw his guilty plea "for any reason" immediately before sentencing. See footnote, 247 N.W.2d at 689.

The situation faced by the defendant here was identical to *Steinmetz*, except for two critical factors: (1) Because Steinmetz had been given the opportunity to withdraw his guilty plea before sentencing, the court held that an attempt to withdraw after the sentence was imposed was too late, and the

judgment was upheld; (2) Steinmetz was not led to believe that the judge concurred in the plea agreement by the acceptance of a portion of the plea agreement. In this case, however, the defendant did attempt to withdraw his plea before sentencing, which was denied. *Steinmetz* cannot be used as authority to uphold the judgment and sentence based upon Doherty's plea of guilty.

The state argues that the withdrawal motion was not adequate to raise the issue of compliance with the sentence concession since it was not a reason given for withdrawal. The state points out that in *McConkey* the withdrawal motion was made upon the specific grounds of nonconcurrence with the sentence concession.

■ The state's argument is inconsistent with the distinction made by the court between *McConkey* and *Steinmetz*. Steinmetz was held to his guilty plea because he did not withdraw his plea before sentencing when given the opportunity. This was so even though Steinmetz did not know and the trial judge would not advise him whether the sentence concession would be followed. Even Steinmetz could not have stated before sentencing that he would withdraw the plea because the trial judge was not honoring the sentence concessions. The situation here is even more difficult for the defendant because the trial judge had already placed his stamp of approval on the plea agreement by accepting a portion of it, i. e., the charge concession. Under the *Steinmetz* and *McConkey* rationale, we hold that the trial court erred in refusing to allow the defendant, Doherty, to withdraw his guilty plea.

■ However, to clarify the consideration of plea agreements by the trial judge in guilty pleas subsequent to this decision, we adopt in substance the requirements and procedure of the Federal Rules of Criminal

---

4. In *McConkey* and *Steinmetz*, the plea negotiations had resulted in a sentence concession (in the form of a sentence recommendation); here, it involved both a charge concession (i. e., dismissal of an unrelated burglary charge) and a

Procedure, 18 U.S.C.A., Rule 11, relating to plea agreements.[5]

This is in keeping with the recognition of the United States Supreme Court (*Santobello v. New York*, 1971, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427) and this court (*State v. McConkey*, supra) that properly administered and supervised by the courts, plea bargaining is an essential component of the criminal justice system. But it can only be administered and supervised when all plea agreements are fully and publicly disclosed in open court and their propriety reviewed by the court.[6]

In the past, plea negotiations have largely occurred in an informal and invisible manner. Consequently, there was often a lack of effective review of the propriety of the agreements, judicially or publicly, with the inherent risk of real or apparent unfairness. The requirements of *Santobello v. New York*, supra, and the *ABA Standards for Pleas of Guilty* have exposed plea bargaining to public scrutiny. Although the current high visibility of plea bargaining has stirred much controversy, recognition of the existence of plea bargaining, with proper supervision, is preferable to nonrecognition which would not eradicate the practice but merely return it to the unsupervised and unpublicized manner practiced in years past. *Raines v. United States*, 1970, 4 Cir., 423 F.2d 526.

We adopt the following requirements governing plea agreements and guilty pleas based thereupon for prospective application:

(1) The prosecuting attorney and the attorney for the defendant, or the defendant when acting pro se, may engage in discussions with a view toward reaching an agreement that upon the entry of a plea of guilty to a charged offense or to a lesser or related offense, the prosecuting attorney will make certain charge or sentence concessions. (See Federal Rules of Criminal Procedure, Rule 11(e)(1).)

(2) The prosecuting attorney may agree to perform any of the following: (a) move for dismissal of other pending charges; (b) agree not to oppose the defendant's request for a particular sentence, with the understanding that such request is not binding upon the court;[7] (c) *agree that a specific sentence is the appropriate disposition of the case*; or (d) perform other specified acts to be made a part of the agreement. (See Federal Rules of Criminal Procedure, Rule 11(e)(1)(A, B, C).)

(3) When the court makes its inquiry into the voluntariness of a plea of guilty,

sentence concession (i. e., a sentence recommendation).

**5.** Federal Rules of Criminal Procedure, Rule 11(d), (e), adopted by the United States Supreme Court and ratified by Congress in 1975, follows essentially the recommendations of the American Bar Association Standards relating to pleas of guilty. The South Dakota Criminal Justice Standards and Goals, Courts Task Force, has recommended adoption of the American Bar Association Standards. See South Dakota Criminal Justice Standards and Goals, Chap. 3. The proposed Rules of Criminal Procedure to the South Dakota Codified Laws would adopt in large part the Federal Rules of Criminal Procedure, Rule 11, on plea agreements.

**6.** 18 U.S.C.A., Federal Rules of Criminal Procedure, Rule 11, Notes of Advisory Committee, 1974 Amendment.

**7.** The type (b) agreement is not taken verbatim from Federal Rules of Criminal Procedure. In *State v. McConkey*, 1976, S.D., 247 N.W.2d 687, the concession was in the form of a "sentence recommendation" which, if not accepted, was held to require withdrawal of a guilty plea. Federal Rules of Criminal Procedure, Rule 11(e)(1)(B) still allows a "sentence recommendation," but has been held *not* to permit a withdrawal of a guilty plea if the sentence recommendation is not followed, *United States v. Sarubbi*, 1976, D.C.N.J., 416 F.Supp. 633. To avoid the confusion and misunderstanding engendered by a "sentence recommendation," we expressly disapprove of its use. The prosecuting attorney should either agree not to oppose the request by the defendant or agree that a particular sentence is proper under subsection (C). When handled in this manner, the defendant will not be misled as to trial court's sentencing prerogatives. See *State v. Goodrich*, 1976, 116 N.H. 477, 363 A.2d 425.

it should also inquire whether the defendant's willingness to plead guilty results from prior discussions between the prosecuting attorney and the defendant or his attorney. (See Federal Rules of Criminal Procedure, Rule 11(d).)

(4) If a plea agreement has been reached, the court must require the full disclosure of the terms of the agreement and a verbatim record made thereof at the time the plea is offered. Thereupon, the court must (a) accept the agreement, (b) reject the agreement, or (c) defer acceptance or rejection until there has been a presentence investigation completed for the court's consideration.[8] (See Federal Rules of Criminal Procedure, Rule 11(e)(2).)

(5) If the court accepts the agreement (either without a presentence report or after consideration of a presentence report), the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement. (See Federal Rules of Criminal Procedure, Rule 11(e)(3).)

(6) If the court rejects the plea agreement (either without a presentence report, or when the defendant will not consent to a presentence report or after consideration of a presentence report), the court shall, on the record, inform the parties of this fact and advise the defendant personally that the court is not bound by the plea agreement and is not required to accept a guilty plea conditioned upon such agreement.[9] The court must then afford the defendant the opportunity to withdraw his plea and advise the defendant that if he persists in his guilty plea, the disposition and sentence in the case may be less favorable to the defendant than that contemplated by the plea agreement. (See Federal Rules of Criminal Procedure, Rule 11(e)(4).)

(7) After the court accepts a plea agreement or if the defendant does not withdraw his plea after rejection of the agreement, the court may accept the plea of guilty; however, the court shall not enter judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.[10] (See Federal Rules of Criminal Procedure, Rule 11(f).)

These guidelines take none of the discretion from the trial court as to the appropriate sentence for a convicted defendant, for the court may reject any sentence concession that it considers inappropriate. Yet they will prevent any confusion and misunderstanding on the part of a defendant who has pleaded guilty on the basis of a promise for a sentence recommendation which he

**8.** SDCL 23–48–17 provides that a presentence investigation can be done only upon the consent of the defendant. If the defendant will not give such consent and the court feels that it cannot accept the agreement without the presentence investigation, it should then reject the agreement and call upon the defendant to withdraw or affirm his plea as provided in paragraph 6, infra.

**9.** If the court rejects a plea agreement, it may, in its discretion, advise the prosecuting attorney and defendant and his attorney of the reasons for the rejection and allow the parties an opportunity to modify the agreement accordingly. However, the court must allow the defendant an adequate opportunity to consider such modified agreement, and the record should reflect the defendant's willingness to accept such a modification.

**10.** Although the factual basis will normally be determined by the court's inquiry of the defendant, in those situations where the defendant cannot or will not admit facts establishing elements of the crime (see *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162), the trial court may admit transcripts of testimony, sworn statements, hand written statements, oral testimony, police reports or other material which will satisfy the court of the existence of a factual basis, e. g., testimony of previous trial, *United States v. Maggio*, 1975, 5 Cir., 514 F.2d 80; statements made to presentence probation officer, *Burton v. United States*, 1973, 9 Cir., 483 F.2d 1182; testimony from habeas corpus proceedings, *United States ex rel. Johnson v. Russell*, 1970, D.C.Pa., 309 F.Supp. 125.

has been led to believe will be followed by the court.

The judgment is reversed and the case is remanded for arraignment and such further proceedings as may be necessary.

DUNN, C. J., and PORTER and MORGAN, JJ., concur.

WOLLMAN, J., concurs specially.

WOLLMAN, Justice (concurring specially).

I join in reversing the denial of defendant's motion to withdraw his plea on the ground that because the trial court failed to comply with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and *Nachtigall v. Erickson*, 1970, 85 S.D. 122, 178 N.W.2d 198, especially with respect to establishing a factual basis for the plea, defendant's post-plea assertion of innocence, coupled with any lack of prejudice to the state, was a sufficient basis upon which to require the trial court to grant the motion. I would go no further than this.