Drew C. JOHNSON, Plaintiff
and Respondent,

v.

The CITY COMMISSION OF the CITY
OF ABERDEEN, and Jeff Solem, Allen
Gates, Robert Nikolas, Mae Zemlica and
Alton Westby, constituting the members
of said Board, Defendants and Appel-
lants,

and

Brown County, South Dakota, Defendant
and Respondent.

No. 12227.

Supreme Court of South Dakota.

Nov. 30, 1978.

Drew C. Johnson pro se.

Charles B. Kornmann of Richardson, Groseclose, Kornmann & Wyly, Aberdeen, for defendants and appellants.

Jerald M. McNeary, State's Atty., Aberdeen, for defendant and respondent.

ZASTROW, Justice.

This is an appeal by the city commission of the City of Aberdeen (City) and its members from a judgment in favor of Drew C. Johnson (Johnson) in the sum of $800 and costs. We affirm.

On July 1, 1975, one James Halvorson was arrested and charged with driving under the influence of an alcoholic beverage, SDCL 32–23–1. He was also charged with assaulting a police officer, a violation of the Aberdeen City Code. Halvorson filed an affidavit stating that he was without funds to retain counsel. Johnson, an Aberdeen attorney, was appointed by Magistrate Donald Covey to represent Halvorson on both state and city charges.

Before the first trial on the city charge, Johnson was advised that the City had in the past refused to pay compensation to counsel appointed to represent defendants in city prosecutions. Motions to dismiss the city charge, based upon the defendant's inability to obtain adequate representation from an uncompensated, court-appointed attorney, were denied. Jury trials on November 19 and 20, 1975, and February 10 and 11, 1976, both resulted in hung juries. On March 11, 1976, the city stipulated to a dismissal of the assault charge.

Johnson then submitted a voucher for $800, approved by the magistrate, to the City. The amount approved was based upon a schedule of fees adopted by the Fifth Judicial Circuit for state cases, which allowed maximum compensation of $400 for each two-day trial. The City did not dispute the reasonableness of the requested compensation but refused to pay the claim on the grounds that it was not provided by statute.

Johnson then commenced an action for a declaratory judgment against the City for the amount of compensation approved by the magistrate. Upon the City's motion, Brown County was added as a party on the City's allegation that if any compensation was due Johnson, it was required to be paid by the county under SDCL 23–2–2. The City's motion to join Halvorson as a necessary party was denied. The trial court found in favor of Johnson, made findings of fact and conclusions of law, and entered judgment in the sum of $800 plus costs against the City.

The City appeals that judgment and claims that the trial court erred in finding (1) that there was a "substantial likelihood" of incarceration requiring appointment of counsel; (2) that Brown County was not obligated to pay such compensation; (3) that a court-appointed attorney is entitled to compensation from a municipality without statutory authority; and (4) that Halvorson was not a necessary party.

The City concedes that if counsel is not provided, an indigent may not be incarcerated as a part of a sentence imposed

upon conviction for a misdemeanor. As stated in *Argersinger v. Hamlin,* 1972, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530:

> "Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.
>
> "The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of 'the guiding hand of counsel' so necessary when one's liberty is in jeopardy." 407 U.S. at 40, 92 S.Ct. at 2014, 32 L.Ed.2d at 540.

See also *Application of Wright,* 1972, 86 S.D. 589, 199 N.W.2d 599.

The first issue raised by the City is whether or not counsel should be appointed where the City's attorney was not consulted on the question of possible incarceration. The City's argument is based upon Chief Justice Burger's concurring opinion in *Argersinger,* supra:

> "Trial judges sitting in petty and misdemeanor cases—and prosecutors * * will have to engage in a predictive evaluation of each case to determine whether there is a significant likelihood that, if the defendant is convicted, the trial judge will sentence him to a jail term. * * * [T]he prediction is not one beyond the capacity of an experienced judge, aided as he should be by the prosecuting officer." 407 U.S. at 42, 92 S.Ct. at 2014, 32 L.Ed.2d at 541.

The City argues that unless the city attorney recommends incarceration, a trial judge[1] may not appoint counsel for a defendant charged with a violation of a city ordinance. We have several times indicated that the ultimate sentence to be imposed upon a defendant convicted of violations of law remains in the trial judge,[2] so long as it does not constitute cruel and unusual punishment.[3] A prosecutor's opinion as to the ultimate sentence to be imposed upon conviction is not binding upon the trial judge.[4] The appointment of counsel by the law-trained magistrate necessarily indicated his finding that incarceration was a "substantial likelihood" in the charges against Halvorson. Had Halvorson been convicted of assaulting a police officer, a serious charge, we cannot say a sentence including a period of incarceration would shock the conscience of this court.

Furthermore, even though the city attorney had some four months before the first trial and three additional months before the second trial to advise the court that incarceration would not be an appropriate disposition upon a conviction, there is no evidence in the record that he ever did so. The persistence of his prosecution would seem to indicate a contrary position. The City's position during the proceedings was simply that the City would not compensate the court-appointed counsel.

We find that the trial court did not err in finding that the law-trained magistrate properly appointed counsel to represent Halvorson under the circumstances.

The second issue raised by the City is whether the court-appointed counsel should be compensated by Brown County. The City cites SDCL 23–2–1 and 23–2–2 in support of its contention that the county is statutorily obligated to provide compensation to counsel for indigents charged with a violation of a city ordinance.

SDCL 23–2–1 provides:

> "In any * * * criminal action * * * in the * * * magistrate court, where

---

1. In South Dakota, a law-trained magistrate may act as the trial judge in municipal ordinance violations when prosecuted in the magistrate court. SDCL 16–12A–22.

2. *State v. Doherty,* 1978, S.D., 261 N.W.2d 677.

3. *State v. Holmes,* 1978, S.D., 270 N.W.2d 51.

4. Except where made as part of a plea agreement which is accepted by the court under the rules of *State v. Doherty,* supra.

it is satisfactorily shown that the defendant * * * is without means and unable to employ counsel * * * the magistrate shall assign, at any time following arrest * * * counsel for his defense, whose duty it shall be to * * * appear for and defend the accused upon the charge against him * * *."

SDCL 23–2–2 provides:

" * * * Counsel so assigned pursuant to § 23–2–1 * * * shall, after the disposition of said cause, be paid by the county in which such action is brought a reasonable and just compensation for such services and for necessary expenses and costs incident to the proceedings in an amount to be fixed by the presiding judge of the circuit court or the magistrate."

■■■ In its argument, the City asserts that a prosecution for a violation of a city ordinance is a "criminal action," and, therefore, the county is obligated to pay the cost of such defense under SDCL 23–2–2. The City's argument totally ignores the definitions of SDCL, Title 23, *Criminal Procedure and Law Enforcement.* In SDCL, Title 23, "[a] criminal action is one prosecuted by the state as a party, against a person charged with a public offense, for the punishment thereof." SDCL 23–1–1. It is thus clear that the term "criminal action" as it is used in SDCL, Ch. 23–2 refers to prosecutions brought in the name of the State of South Dakota. Actions prosecuted in the name of an incorporated city for a violation of its ordinance are not covered by these compensation statutes. The trial court's finding that the county was not liable for compensation to Johnson was not error.

The third issue raised by the City is whether it is responsible for compensating court-appointed counsel where there is no statutory requirement for such compensation. The City cites the annotation "Right of Attorney Appointed by Court for Indigent Accused To, and Court's Power to Award, Compensation by Public, in Absence of Statute or Court Rule," 21 A.L.R.3d 819. The annotation cites the majority rule as prohibiting compensation for court-appointed counsel in absence of legislative authority. The rationale, developed long before the *Argersinger* and *Gideon*[5] decisions, held that it is the duty of attorneys, either as officers of the court or by an implied consent in accepting his license to practice law, to render legal counsel without compensation to indigent defendants when appointed by the courts.

The 1963 *Gideon* decision had a substantial impact upon court appointments within larger counties of this state. By the time *Argersinger* was decided in 1972, the court appointments had in some instances increased fivefold by the mandate of the United States Supreme Court of court-appointed counsel for indigents in appeals,[6] involuntary mental commitments,[7] juvenile delinquency proceedings,[8] and increased the duration of representation from police interrogations[9] and lineups[10] to probation and parole violations.[11]

In *State v. Rush,* 1966, 46 N.J. 399, 217 A.2d 441, 21 A.L.R.3d 804, the New Jersey Supreme Court examined the old rationale and observed:

"Indeed it is the special, and * * * exclusive responsibility of the judiciary to determine the obligation of the legal profession in this area. The duty to defend the indigent without charge is not a personal duty * * * [r]ather the duty is owed to the Court, and it is the Court's

**5.** *Gideon v. Wainwright,* 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 773.

**6.** *Douglas v. California,* 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

**7.** *Escobedo v. Illinois,* 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

**8.** *Specht v. Patterson,* 1967, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326.

**9.** *In re Gault,* 1967, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527.

**10.** *Kirby v. Illinois,* 1972, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411.

**11.** *Gagnon v. Scarpelli,* 1973, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.

call that [the attorney] is obliged to answer. * * * The duty thus is an incident of the license to practice law, and the power to deal with it must therefore repose in the branch of government charged with the responsibility for the terms and conditions of the right to practice.

\* \* \* \* \* \*

"The * * * question is whether we should continue to require members of the bar to absorb the full cost of the defense of the indigent. We think we should not.

"Although as we said above the assignment of counsel without compensation (except in murder cases) has been the rule in this State since 1795, the burden of those assignments has increased vastly. The increase has been not only in the number of assignments, but also in the demand a criminal case makes upon counsel. * * * We are satisfied the burden is more than the profession alone should shoulder, and hence we are compelled to relieve the profession of it.

"The burden thus passing to the taxpayers, the members of the bar, as taxpayers, will of course share in it. [However], we think the members of the bar should contribute something more, despite still other calls upon them for gratuitous service. To that end, the compensation should be less than that expected of a client who can pay. * * *"

We agree with that decision and find that it is equally applicable to municipal prosecutions which now require court-appointed counsel under the *Argersinger* mandate. We therefore hold that attorneys of this state may not be ordered by the courts to represent indigents charged with

municipal ordinance violations without reasonable compensation.[12]

The City was well aware of the jail penalty which was provided for in the city code for the offense with which Halvorson had been charged, and that the magistrate considered incarceration as a possible penalty upon conviction. It was also aware that the attorney had been appointed to represent Halvorson and that the attorney and magistrate would look to the City to provide reasonable compensation. It also knew that that magistrate had denied the motion to dismiss, based upon the City's representation that it would not pay for court-appointed counsel. Yet, the City proceeded with the prosecution through two trials with hung juries before dismissing.

When the City undertakes a prosecution, it must bear the expenses necessary to comply with South Dakota and United States Constitutional provisions. In this instance, court-appointed counsel is mandated by the United States Constitution and his compensation is a necessary expense of the prosecution. If the City did not wish to compensate the attorney appointed to represent Halvorson, it could have avoided incurring the liability by dismissing the charge. The trial court's judgment that the City was liable for reasonable compensation was correct.

Finally, the City asserts that Halvorson was an indispensable party under SDCL 15-6-19. The claim is made that because the City has no right to a statutory lien under SDCL 23-2,[13] Halvorson should be responsible for the attorney's compensation. Whether the City has any right to recover the amount paid to court-appointed counsel from Halvorson[14] is an issue dis-

---

12. The legislature has also recognized that compensation must be made by municipalities in SDCL 23A-40-4 (effective July 1, 1979). Reasonable compensation might be determined by the courts in the fashion used by the New Jersey Supreme Court. Whether or not the percentages used by the New Jersey Supreme Court are representative of the average law practice in South Dakota is subject to further evidence. Here the issue of reasonableness of

the fee approved (or the schedule used) was not challenged by any of the parties.

13. We note that SDCL 23A-40-5 (effective July 1, 1979) will provide the city with a civil judgment against a defendant in these circumstances.

14. In *Giaccio v. Pennsylvania,* 1966, 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447, Justice Fortas in a concurring opinion stated: "In my opinion,

tinct and separate from the City's responsibility to compensate the appointed counsel. Failure to join Halvorson as a party was not error.

Judgment is affirmed.

All the Justices concur.

the Due Process Clause of the Fourteenth Amendment does not permit a State to impose a penalty or costs upon a defendant whom the jury has found not guilty of any offense with which he has been charged." 382 U.S. at 405, 86 S.Ct. at 522, 15 L.Ed.2d at 452. Whether this applies in situations where the disposition is not an acquittal is not clear from case authority.