**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Merle Patrick LEFT HAND BULL, Defendant and Appellant.**

**No. 12814.**

Supreme Court of South Dakota.

Decided Feb. 6, 1980.

Miles F. Schumacher, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

John J. Burnett, Pennington County Public Defender, Rapid City, for defendant and appellant.

MORGAN, Justice.

Appellant claims that the trial judge abused his discretion when he approved a plea arrangement and imposed the maximum sentence agreed to under the arrangement. We disagree and affirm the trial court.

Appellant was charged with two counts of rape and one count as an habitual offender. A plea bargain was struck whereby appellant would plead guilty to first-degree rape and the other two charges would be dismissed. The State would recommend a twenty-year sentence,[1] with the right reserved to appellant or his counsel to argue for a lesser term. There was also provision for a presentence report and a psychiatric evaluation. The plea bargain arrangement conformed to our requirements set out in *State v. Doherty*, 261 N.W.2d 677 (S.D. 1978).

At the sentencing, after hearing a lengthy plea from defense counsel for a shorter term of incarceration, the trial judge nevertheless imposed the twenty-year maximum sentence provided by the agreement, with credit for time spent in the county jail awaiting disposition of the case. Appropriate orders of dismissal on the other counts were entered as agreed.

Appellant grounds his argument on a vague claim of lack of due process alluded to by this court in *State v. Goodale*, 86 S.D. 458, 198 N.W.2d 44 (1972). His contention is frivolous. *Goodale* is clearly distinguishable inasmuch as Goodale was not sentenced under a plea bargain agreement; nor does

1. The maximum imprisonment under first-degree rape is twenty-five years.

appellant cite any other case authority to support his claim. He does not attack the plea bargain. He does not even suggest that he be permitted to withdraw his plea and stand trial on all three counts.[2] He does not complain that the bargain was tainted in any manner; that he was incompetent, under duress, or counseled inadequately. He simply wants all the fruits of his bargain without compliance on his part.

Lacking any such showing, he cannot be heard to complain that the trial court abused its discretion when it imposed the maximum sentence which appellant himself had freely and voluntarily agreed to. We therefore affirm the action of the trial court.

All the Justices concur.

2. The trial court gave him several opportunities to withdraw his plea and stand trial.