## SHEPHERD v. UNITED STATES.

### No. 14336.

United States Court of Appeals
Eighth Circuit.

Oct. 5, 1951.

Gordon Allen Shepherd, pro se.

Joseph T. Votava, U. S. Atty., Omaha, Neb., and John E. Deming, Asst. U. S. Atty., Omaha, Neb., on the brief, for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and COLLET, Circuit Judges.

COLLET, Circuit Judge.

On February 8, 1951, a motion was filed by Gordon Allen Shepherd in the District Court for the District of Nebraska asking leave to withdraw his plea of guilty theretofore entered in that court, and to set aside the sentence and judgment imposed upon that plea by that court. His plea of guilty had been entered on April 9, 1945, and on the following day, April 10, 1945, he had been sentenced on two counts of the indictment. On the first count he was sentenced to imprisonment for a term of eighteen months. On the second count he was sentenced to imprisonment for six months. The sentences were to run concurrently and were to commence at the expiration of a sentence he was then serving for another offense.

The grounds for the motion filed February 8, 1951, were (a) that a confession had been improperly obtained from him prior to his plea of guilty on April 9, 1945; (b) that his plea of guilty on April 9, 1945, was made without a proper understanding of the charge; (c) that he was not given a reasonable time and opportunity to consult counsel and prepare and present his defense; and (d) that he did not enter a separate plea of guilty to each count of the indictment.

The facts incident to the arraignment, plea of guilty, and sentence of which he now complains, appear in detail in two previous proceedings relative thereto. The

first of those proceedings was an application for Writ of Habeas Corpus filed in the District Court of the United States for the District of Kansas, while petitioner was incarcerated in the penitentiary at Leavenworth, Kansas, on the sentence preceding that of April 10, 1945. That application was denied and the denial affirmed by the Tenth Circuit Court of Appeals in Shepherd v. Hunter, 163 F.2d 872. The second previous proceeding above referred to was a motion filed in the United States District Court for the District of Nebraska on July 9, 1946, which sought to vacate the judgment and sentence of April 10, 1945, and to set aside the conviction. The trial court denied the motion and on appeal that denial was affirmed by this court in Shepherd v. United States, 8 Cir., 163 F.2d 974.

In the habeas corpus case in the Tenth Circuit Mr. Shepherd contended that he had been deprived of his constitutional rights in that he had been deprived of the effective assistance of counsel; that the Nebraska judgment of April 10, 1945, deprived him of his statutory allowance of "good time" to which he was entitled under the previous New Hampshire sentence; and that there was perjury in the indictment and suppression of evidence in connection with his conviction of April 10, 1945.

In the proceeding in this circuit, instituted on July 9, 1946, in the District of Nebraska, above referred to, Mr. Shepherd contended that he was denied a speedy trial, in violation of the Sixth Amendment to the Constitution, and that the sentence of eighteen months imposed on April 10, 1945, could not legally be made to commence at the expiration of the New Hampshire sentence which he was then serving.

All of the facts heretofore stated and many more material to a determination of the present motion constituted a part of the record in the District Court for the District of Nebraska and were properly considered by that court in passing upon the present motion.

The District Court denied the present motion to withdraw the plea of guilty upon the ground that Shepherd had been properly represented by counsel, whom the trial judge, who passed upon the present motion, had himself appointed in 1945, the propriety of which appointment was approved by the Tenth Circuit in Shepherd v. Hunter, supra; that the plea was made with a proper understanding of the charge, given to Shepherd by his counsel and the court; that Shepherd was given ample time and opportunity to consult and confer with his counsel and to prepare and present his defense; that he did enter a separate plea of guilty to each count of the indictment; and that under those circumstances his claim that a confession may have been improperly obtained from him prior to his plea of guilty in April, 1945, was not germane to any material issue.

■ We have again examined the record in the light of the contentions made in support of the present motion and find the conclusions reached by the trial court are amply supported by the record. In addition to the facts related in the opinions heretofore referred to in Shepherd v. Hunter and Shepherd v. United States, supra, our examination of the record discloses that counsel appointed for Shepherd in April, 1945, was a competent practicing attorney; that after his appointment he conferred with Shepherd, investigated the facts, explained the nature of the charge and the possible extent of the punishment to Shepherd, and advised the latter to enter a plea of guilty, which advice Shepherd followed on April 9, 1945. The record further discloses, as the trial court found, that Shepherd did enter separate pleas of guilty to each count of the indictment.

■ Since the present motion is based upon Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. which authorizes the trial court to permit the withdrawal of a plea of guilty after sentence is imposed or suspended only to correct manifest injustice [1], and the record

---

1. "A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

fails to disclose any manifest injustice in connection with the sentence, the order of the trial court denying the motion is

Affirmed.