STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v. WESLEY HERMAN, DEFENDANT-RESPONDENT.

Argued February 8, 1966—Decided May 2, 1966.

74

Mr. *Brendan T. Byrne,* Prosecutor of Essex County, argued the cause for appellant (*Mr. Peter Murray,* Assistant County Prosecutor, on the brief).

Mr. *John H. Grossman* argued the cause for respondent.

The opinion of the court was delivered by

PROCTOR, J. The Essex County Court permitted the defendant, Wesley Herman, to retract his plea of guilty to an indictment for robbery and to enter a plea of not guilty. After granting the State leave to appeal, the Appellate Division affirmed the order of the trial court. We granted the State's petition for certification. 46 *N. J.* 217 (1966).

On April 15, 1963, the defendant and one Robert Waston were indicted for robbery.[1] The indictment also contained a count charging the defendants with illegal possession of a dangerous weapon and a count charging them with atrocious assault and battery. All three counts arose from a robbery which allegedly occurred on February 7, 1963. On April 29, 1963 the defendant and Waston pleaded not guilty to the indictment.

The defendant and Waston went on trial before a jury in June 1963. During the course of the trial, on June 17, they retracted their not guilty pleas and entered pleas of guilty to the robbery count. These pleas were accepted by the trial judge and sentencing was set for July 10, 1963. Defendant's bail of $1,000 was continued.

---

[1] The indictment also named one William Beard as a defendant, but he has apparently never been apprehended.

On July 10, 1963 Waston was sentenced to three to five years in State Prison for robbery, and the remaining counts of the indictment were dismissed. Herman, however, did not appear for sentencing. In fact, he was not located until January 1964. At that time he was in jail in St. Paul, Minnesota, where he was serving a 10 day sentence resulting from his participation in a fight. He was returned to New Jersey on March 17, 1964. Sentencing was fixed for April 13, 1964, at which time defendant claimed innocence and moved to withdraw his guilty plea. His alleged reason for having entered the guilty plea was set forth in the following written statement which was made at the request of his lawyer:

"The Prosecutor told my lawyer, Mr. Finch [Herman's attorney when he entered his guilty plea in June 1963], that if I kept on pushing for a trial and didn't plead guilty to robbery that he would have my bail reset at $10,000 and kick the trial around a year and I'd just sit. So I pleaded guilty and a week or so later I left New Jersey in order to make some money to return and fight it. I was on my way home from Washington State when I was apprehended."

The matter was adjourned to permit an investigation by the probation department and to give the State time to study the defendant's motion. At a hearing on May 29, 1964, defendant also alleged that when he was first arrested for the robbery he was held incommunicado by the police for six days after which he signed a confession. The trial court specifically rejected all claims that the prosecutor's office had acted improperly. However, because of what the judge called an "abundance of caution," the motion to vacate the guilty plea was granted.

We think that the trial court erred and that the defendant should be sentenced in accordance with the guilty plea he entered on June 17, 1963.

Where a plea of guilty has been entered it may not be withdrawn except pursuant to leave granted in the exercise of the court's discretion. *State v. Deutsch,* 34 *N. J.* 190, 197 (1961); *R. R.* 3:7–10(a). In exercising its discretion the court must weigh the policy considerations which favor the

finality of judicial procedures against those which dictate that no man be deprived of his liberty except upon conviction after a fair trial or after the entry of a plea of guilty under circumstances showing that it was made truthfully, voluntarily and understandingly. *Deutsch, supra,* at *pp.* 197–198; see also Note, 64 *Yale L. J.* 590 (1955).

██ The record of the trial clearly shows that the guilty plea entered by Herman, who was over 21 years of age, was made freely and understandingly with the assistance and advice of counsel. He executed Criminal Procedure Form No. 13A (see *R. R.* Appendix of Forms), witnessed by his lawyer, in which he stated that he understood the nature of the charge against him and knew that upon the entry of the plea the trial judge could impose any sentence which he considered appropriate, subject only to the limits prescribed by law. See *R. R.* 3:5–2(b). The execution of Form 13A weighs heavily against a contention that the plea was not entered voluntarily and understandingly. *Deutsch, supra,* at *p.* 201. Moreover, Herman was questioned extensively in open court where he stated that his guilty plea to robbery was made willingly with full knowledge of the consequences. See *R. R.* 3:5–2(a). He also specifically admitted being in the apartment of the complaining witness where the robbery allegedly occurred, being present when the complaining witness was struck and taking property from that apartment.

██ The record unmistakably illustrates the falsity of defendant's contention that he pleaded guilty because the prosecutor threatened to postpone the trial while he remained in jail under a high bail. When Herman entered his plea the trial had already commenced, the openings to the jury had been completed and the prosecutor was fully prepared to place his case before the court.[2] Defendant also contends that

---

[2] The genesis of defendant's claim is probably the following colloquy which took place after the trial judge had accepted his plea:

"THE COURT: All right. The sentence date will be July 10, 1963. Do I understand, correctly, that you are on bail?

THE DEFENDANT: Yes.

when he was arrested he was held incommunicado by the police for six days, after which he signed a confession. However, a determination of the truth of this claim is not relevant to the resolution of this appeal. Defendant was represented by counsel prior to and at the time of his trial. If the State had attempted to produce any confession, defendant would have been fully able to challenge its legality both at the trial and on appeal. Thus, defendant's purportedly inadmissible confession cannot be a ground for withdrawing the guilty plea which he willingly and knowingly made with the assistance and advice of his attorney. See *Shepherd v. United States,* 191 *F.* 2*d* 919 (8 *Cir.* 1951); *Chadwick v. United States,* 170 *F.* 2*d* 986 (5 *Cir.* 1948); Note, 55 *Colum. L. Rev.* 366, 370–371 (1955).

▮ Although the judge's discretion to vacate a guilty plea is liberally exercised when the defendant's motion, as here, is made before sentencing, in weighing such a motion the possibility of prejudice to the State must be considered. See *State v. Deutsch, supra,* at *pp.* 198, 201, 204. If a defendant represented by counsel were permitted to withdraw a guilty plea which he voluntarily and knowingly entered after his trial had started, as the defendant in this case is trying to do, the efficient and orderly administration of justice would be impeded. Criminal calendars would become increasingly congested and the State's efforts to effectively prosecute lawbreakers would be seriously hampered by the delays. It is a difficult task at best for the State to assemble its witnesses and prepare its case for a trial on a specified date; it is neither

---

THE COURT: Unless there is some objection by the Prosecutor bail will be continued [at $1,000].

MR. MINTZ [the prosecutor]: No objection. I will tell the Court, frankly, that it would have been my intention, and I had no doubt of the outcome of the trial, to request the Court to raise his bail to $10,000.00 upon the tender of the verdict by the jury. In view of the fact that the defendant, by this plea, has done the first positive and affirmative act, which would indicate some contrition for what he has done, I would make no application to amend the bail and will be agreeable to it continuing."

fair nor just to compel the State to repeat this procedure as to the same defendant when the first trial is terminated by the defendant's own guilty plea given freely and understandingly. See *Everett v. United States,* 119 *U. S. App. D. C.* 60, 336 *F. 2d* 979, 984 (1964). Moreover, Herman has added to the situation the possibility of prejudice to the State by fleeing the jurisdiction and absenting himself for an extended period of time, and there is really no way to be sure that such prejudice did not actually ensue. Not only may the State now have difficulty in locating the necessary witnesses, but the witnesses' memories of the contested events may have faded with the passage of time. See *Clark v. State,* 57 *N. J. L.* 489, 490 (*Sup. Ct.* 1895), affirmed 58 *N. J. L.* 383 (*E. & A.* 1895); *Hubble v. State,* 41 *Wyo.* 275, 285 *P.* 153 (*Sup. Ct.* 1930).

█ As we have already stated, a motion to withdraw a guilty plea is addressed to the sound discretion of the trial court. However, in this case we think the trial court erroneously exercised its discretion in failing to consider that the defendant's trial had already commenced when he pleaded guilty and that the State's ability to conduct an effective prosecution was in all probability impaired by the defendant's flight from this State and by his remaining a fugitive for over half a year. An accused should not be permitted to play fast and loose with our courts.

Reversed.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For affirmance*—None.