131 N.J. Super. 252 (1974)
329 A.2d 560
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CRAIG JOHNSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 6, 1974.
Decided November 21, 1974.
*254 Before Judges MATTHEWS, FRITZ and BOTTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Maurice J. Molyneaux, Designated Counsel, on the brief).
Mr. Karl Asch, Union County Prosecutor, attorney for respondent (Mr. Lawrence H. Posner, Assistant Prosecutor, on the brief).
PER CURIAM.
Defendant sought unsuccessfully to retract his plea of non vult to murder, entered on the day set for his trial, by counsel who represented him at the time. His motion was made before sentence, and resulted in a testimonial hearing. He appeals from the denial of that motion.
At the time the plea was entered defendant detailed in full particular his participation in the crime, a killing perpetrated during a service station robbery. Even now he does not deny this participation, arguing before us in a pro se brief that his "admitting his guilt in Court" is a "giant step towards the direction of rehabilitation." His counsel argues here  as the circumstances would seem to require  that the guilt or innocence of a defendant is not relevant to the determination of a presentence motion to withdraw a guilty plea.
With respect to the plea defendant argues additionally that the plea was not voluntary, and that the judge erroneously applied a standard of "manifest injustice" to his determination of the motion. Finally, the argument is forwarded that the sentence was excessive.
Factually we see very little to distinguish this case from that of State v. Herman, 47 N.J. 73 (1966). In this respect, we are satisfied that while the judge below mentioned the standard of "manifest injustice" in connection with a historical recitation, including the standards said to have been set forth by the American Bar Association in its Minimum Standards for Criminal Justice, and in quoting from State *255 v. Daniels, 38 N.J. 242 (1962), cert. den. 374 U.S. 837, 83 S.Ct. 1885, 10 L.Ed.2d 1057 (1963), he in fact did not apply this test, but rather, properly applied the precise standards of State v. Deutsch, 34 N.J. 190 (1961), and properly recognized the controlling influence of State v. Herman, supra. Our review of the record produces agreement with his conclusion that the plea of the defendant was not coerced but was freely and understandingly made, and that defendant's motion simply represented a change of mind. This is amply demonstrated by the entire thrust of the motion evidence, at which time defendant attributed the "coercion" to "pressure on me and then my family." That defendant was neither coerced nor confused at the time of his plea, but rather was electing an available option fully consistent with his admitted guilt, is apparent from his own statement at the motion hearing, "Well, at the time I entered the plea I knew that I was doing, I was just getting it all over with."
We are satisfied that the court below complied assiduously with the instruction of State v. Deutsch, supra, where the following appears:
* * * In exercising its discretion the court must fairly and justly weigh the policy considerations which favor the finality of judicial procedures against the policy considerations which dictate that no man be deprived of his life or liberty except upon conviction after a fair trial or after the entry of a plea of guilty or its equivalent under circumstances which evidence that it was made truthfully, voluntarily and understandingly. [Citations omitted]
Where the application to withdraw the plea is first made after sentence the courts in our State, in practice, generally decline to interfere in the absence of a strict showing by the applicant that there was manifest injustice which requires correction through vacation of the conviction and the granting of a new trial. [Citations omitted] However, where before sentence the defendant asserts his innocence and seeks to withdraw his plea and proceed to trial, the courts in our State, in practice, generally exercise their discretion liberally to enable withdrawal of the plea and a trial on the merits; this approach conforms with the enlightened views expressed in many judicial opinions elsewhere. * * * [34 N.J. at 197-198]
Other factors additionally compel our conclusion that we should affirm. The plea of non vult here eventuated from *256 a plea bargain. In such instance defendant's burden "of presenting a plausible basis for his request to withdraw his guilty plea is heavier." State v. Huntley, 129 N.J. Super. 13, 18 (App. Div. 1974), certif. den. 66 N.J. 312 (Docket No. C-40, decided September 19, 1974).
Further, we are convinced that innocence or guilt is indeed relevant among the several considerations which should properly mold the discretion of a judge on a motion before sentencing to retract a guilty plea. All else being equal, we see no reason why one who is admittedly guilty of the crime with which he is charged, and who, on the motion, cannot suggest any defense that will be of avail to him, should be permitted  to borrow a phrase from State v. Herman, supra, 47 N.J. at 79  "to play fast and loose with our courts." It is to be observed that even the presentence liberality of State v. Deutsch, quoted above, suggests the requirement of an assertion of innocence before that liberality is to be invoked, and the opinion in that case characterizes guilt of the defendant as a "related pertinent issue." 34 N.J. at 201.
We are completely satisfied that the findings of the judge below on the motion are predicated upon an abundance of credible evidence in the record, and that the judge's conclusions of law are sound. We are equally satisfied that his exercise of discretion in denying the motion was sound and we will not interfere. State v. Johnson, 42 N.J. 146, 162 (1964).
With respect to the alleged excessiveeness of sentence, we have reviewed the entire record, including the presentence investigation, and have considered the nature of the crime. The sentence imposed was within statutory limits and in accord with the terms of the plea bargain. Indeed, the indeterminate nature of the sentence (even considering that pursuant to N.J.S.A. 30:4-148 a maximum of 24 years was established) was a concession to the defendant not mandated by the plea bargain. In view of this and the serious crime *257 involved it cannot be said that the judge abused his discretion. State v. Tyson, 43 N.J. 411, 416 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 359, 14 L.Ed.2d 279 (1965).
Affirmed.