133 N.J. Super. 515 (1975)
337 A.2d 627
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RONALD PHILLIPS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 8, 1975.
Decided April 29, 1975.
*516 Before Judges MATTHEWS, FRITZ and BOTTER.
*517 Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. William E. Norris, Assistant Deputy Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. William Welaj, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
This appeal is grounded in defendant's claims: first, that the trial judge erred in denying his motion to withdraw certain pleas entered in accordance with a plea bargain, and second, that the sentence he received was manifestly excessive. We find no merit in either argument.
The sentence entered on the plea bargain concluded a number of charges against this defendant.[1] In addition to Indictment 1115-69 and Accusation 826-73 (see n. 1) defendant was charged with: atrocious assault and battery on one Paulette Watson on December 10, 1972 (Indictment 1521-72); carnal abuse, assault with intent to rape and atrocious assault and battery on one Marsha Maddox on March 8, 1973 (Indictment 1470-72); assault with a dangerous weapon, assault with intent to kill, threatening to kill, atrocious assault and battery and kidnapping involving Ruth Thomas, together with illegal possession of a knife, all on August 19, 1973 (Indictment 510-73); felony *518 murder while armed and a concomitant robbery while armed, the victim of which was one Francis Dougherty, on November 27, 1973 (Indictment 378-73), and possession of a controlled dangerous substance with intent to distribute on November 28, 1973 (Accusation 825-73).
Represented by manifestly competent counsel with whose services he was admittedly satisfied, defendant entered a non vult plea to the felony murder[2] and guilty pleas to the charges of atrocious assault and battery on each of the three women and to possession of a controlled dangerous substance with intent to distribute. In careful compliance with the terms of the plea bargain, he was sentenced to 25 to 30 years in State Prison for the murder, 5 to 7 years consecutively for the atrocious assault and battery upon Paulette Watson, 5 to 7 years concurrent with the prior assault sentence for each of the atrocious assaults and batteries on Ruth Thomas and Marsha Maddox, and 2 1/2 to 5 years concurrent with the assault sentences for the controlled dangerous substance offense. The net effect of the sentences was a minimum of 30 and a maximum of 37 years in prison.
Defendant chose the day set for his sentencing to move to be permitted to withdraw his pleas. The sentencing judge denied the motion and imposed the sentences set forth above. This denial is here challenged.
Once a plea is entered it may not be withdrawn without leave of court. A determination on such an application rests within the judge's discretion. State v. Deutsch, 34 N.J. 190 (1961). In exercising this discretion certain policy considerations are to be weighed against each other, *519 State v. Herman, 47 N.J. 73 (1966), and it has been said the discretion permitting a withdrawal of a guilty plea should be "liberally" exercised where the motion is made before sentence and defendant protests his innocence. State v. Deutsch, supra, 34 N.J. at 198. But such a protestation of innocence must be more than a mere assertion of non-guilt, and the apparent guilt of a defendant is a factor to be considered even when the motion precedes sentencing. State v. Johnson, 131 N.J. Super. 252 (App. Div. 1974). Where, as here, the plea or pleas are entered as a matter of plea bargaining, the burden upon defendant to demonstrate "a plausible basis" for his motion to retract is a heavy one. State v. Huntley, 129 N.J. Super. 13, 17 (App. Div. 1974), certif. den. 66 N.J. 312 (1974). In such circumstance, and providing that there has been careful and diligent regard for the requirements of R. 3:9-2, the judge below has every reason to indulge in skepticism with respect to newly asserted defenses, particularly if they are factually unclothed. When the fact of commission of the criminal activity remains uncontested, the absence of new or additional facts which might reasonably have influenced defendant to a change of heart and his belated urging of such defenses as incompetency, self-defense, provocation or, as here, "temporary insanity," is a factor to be considered carefully on a motion to retract.
The concision of Deutsch remains a lodestar: where there is no doubt that a plea has been entered truthfully, voluntarily and understandingly (34 N.J. at 198), its truthfulness amply implies defendant's guilt and furnishes reason enough not to permit retraction. Cf. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
Utilizing these scales in our balancing of the policy considerations in the matter before us, and after a thorough review of the record, we are convinced of the correctness of the determination of the trial judge on the motion to retract. *520 Not only is defendant's guilt glaringly apparent and confessed, but we are entirely satisfied, as was the trial judge, that the pleas were in fact entered quite "truthfully, voluntarily and understandingly." This persuasion springs in large part from the careful questioning of the trial judge, in compliance with R. 3:9-2, with respect to the pleas, and his and our conviction that defendant is not at all unintelligent. The newly contrived "defense" of temporary insanity, a product of defendant's "doing researches on my owns [sic]," has no basis at all in fact, and the reasons most lately said to support it were unmentioned, even on diligent interrogation, at the time of the pleas. As we have said, we not only find no mistaken exercise of discretion below but are in agreement with the determination.
Nor are we persuaded that the sentence, which is within the perimeters of the plea bargain and the statutory maximums, is excessive. The crimes extended over a period of almost a year, and were all crimes of violence except for the possession of a controlled dangerous substance with intent to distribute which, if not violent, is as detestable. In four separate events, three women were painfully injured and a man was wilfully kicked and beaten until he died. Defendant's presentence report, conceded to be "substantially * * * correct," notes poor adjustment to a prior probation, a work record which includes an inability to maintain gainful employment, and economic dependence on the largesse of a "girlfriend." We are not persuaded that the sentences imposed constitute a mistaken exercise of discretion. State v. Tyson, 43 N.J. 411 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965).
Affirmed.
NOTES
[1] We note that the charges were so numerous that the prosecutor at the plea failed to mention by number one indictment (1521-72), a bit of carelessness rectified by defense counsel in his iteration of the plea bargain. We observe as well that two charges (Indictment 1115-69 and Accusation 826-73) appear to have been made, the indictment and accusation for which are not included in any appendix nor mentioned in either brief and only casually adverted to in the transcripts we have. While the indifference of counsel in their factual presentations to us (and in which each has combined his procedural statement and statement of facts in clear derogation of R. 2:6-2) raises our curiosity somewhat, the omissions are not at all significant, since both the indictment and the accusation were dismissed.
[2] The judge mistakenly characterized this as a guilty plea when seeking and accepting the plea directly from defendant on his inquiry of defendant pursuant to R. 3:9-2, which see. The plea entered on behalf of defendant by his counsel was one of non vult. No possibility at all of prejudice of any sort or degree inheres in this technical inadvertence.