164 N.J. Super. 344 (1978)
396 A.2d 360
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN GARONIAK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1978.
Decided November 3, 1978.
*346 Before Judges MATTHEWS and KOLE.
Mr. John V. Burns argued the cause for appellant (Mr. John H. Stockel, attorney).
Ms. Miriam K. Brody, Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey; Mr. Robert A. Jacobson, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KOLE, J.A.D.
Defendant was indicted for various gambling offenses. He moved to dismiss the indictment on the ground that the 47-month delay between his arrest and indictment deprived him of his right to a speedy trial. His motion was denied. He did not seek leave to appeal that denial. Thereafter, as part of a plea bargain and with the assistance of counsel, he pleaded guilty to possession of lottery slips (N.J.S.A. 2A:121-3(b)); and the court dismissed the other charges. His one to two-year State Prison sentence was suspended, and he was placed on probation for three years and fined $1,000.
It should be noted that in giving its reasons for the noncustodial sentence, the judge stated that "it accords with the plea bargain * * * between the Attorney General and defendant's attorney with the defendant's concurrence," and that the preindictment delay was a fact "which in large measure is behind the Attorney General's recommendation for a non-custodial sentence and represents a significant factor in the Court's willingness to honor it."
*347 Some six months after imposition of sentence defendant moved for leave to withdraw his guilty plea. He neither asserted his innocence nor contended that the guilty plea was not knowingly or voluntarily entered, but rather sought to correct an alleged manifest injustice arising from denial of his earlier motion to dismiss the indictment. He referred to the intervening decision of this court in State v. Merlino, 153 N.J. Super. 12 (App. Div., decided September 26, 1977), in which a 46-month delay between arrest and indictment "without reason" was held to require dismissal of the indictment. He urged that Merlino mandated the conclusion that denial of his dismissal motion was so plainly erroneous that to hold him to his guilty plea would constitute a manifest injustice. The judge, who had also sentenced defendant, denied the motion to vacate the guilty plea. Defendant appeals.
It appears that a codefendant refused to enter into a plea bargain after the denial of the motion to dismiss the indictment against him on speedy trial grounds and that his indictment was dismissed on the State's motion some seven days before State v. Merlino was decided. We have not been advised of the reasons for such dismissal. Nevertheless, under the circumstances of this case, we do not consider such action as a matter that would justify the relief sought by defendant.
We are satisfied that the court did not abuse the discretion vested in it in refusing to permit defendant to retract his guilty plea. State v. Herman, 47 N.J. 73, 76-79 (1966); State v. Deutsch, 34 N.J. 190, 197-198 (1961); State v. Phillips, 133 N.J. Super. 515 (App. Div. 1975). See also, State v. Daniels, 38 N.J. 242, 249-250 (1962), cert. den. 374 U.S. 837, 83 S.Ct. 1885, 10 L.Ed.2d 1057 (1963); R. 3:21-1.
The facts here do not show any manifest injustice or fundamental unfairness visited on defendant by a refusal to permit him to withdraw a guilty plea that was concededly entered knowingly, voluntarily and with the assistance of *348 counsel, pursuant to a plea bargain. Relief from the plea is not warranted by a claimed deprivation of a constitutional right, such as denial of the right to a speedy trial, occurring prior to entry of the plea, merely because a later judicial decision shows that reasonably competent advice of counsel prior to or at the time of the plea  e.g., not to go to trial or not to seek leave to appeal the denial of the dismissal motion  may have been wrong. State v. Taylor, 140 N.J. Super. 242, 244-245 (App. Div. 1976). See Tollett v. Henderson, 411 U.S. 258, 266-267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); State v. Rosenberg, 160 N.J. Super. 78 (App. Div. 1978); State v. Raymond, 113 N.J. Super. 222, 226-227 (App. Div. 1971); State v. Humphreys, 89 N.J. Super. 322, 326-327 (App. Div. 1965).
Where the matter involves a claim of double jeopardy or a constitutional violation akin thereto, the State is precluded by the Constitution from haling a defendant into court on the criminal charge involved. Since the application of this type of constitutional protection would be to prevent a trial from taking place at all, a defendant may raise the applicable constitutional issue and obtain relief by reason thereof, notwithstanding that his conviction was entered pursuant to a counseled plea of guilty. Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).
However, the claim of deprivation of a speedy trial does not give rise to that kind of constitutional issue. Although enforcement of the right to a speedy trial guaranteed by the Sixth Amendment leads to a dismissal of an indictment, that does not mean that the defendant enjoys the right not to be tried at all on the charge. Indeed, it has been said that events at a trial regarding the issue of guilt or innocence may be so intertwined in the usual case with the question of prejudice to the conduct of the defense, a vital factor to be evaluated in determining speedy trial claims, that most of such claims are best considered only *349 after the relevant facts have been developed at trial: United States v. MacDonald, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed. 2d 18, 26-28, including n. 7 (1978). See also United States v. Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).
Thus, with respect to whether a guilty plea is a bar to the assertion of a claimed deprivation of the right to a speedy trial, the matter is similar to issues of unlawful seizure of evidence,[1] coerced confessions, the unconstitutionality of grand jury selection, and the like. In all such cases it is clear that a counseled, informed guilty plea precludes the further raising of such constitutional questions.[2]
Defendant seeks refuge in a contention that before he entered his guilty plea the State should have informed him of the fact that State v. Merlino had been decided in Merlino's favor in the trial court or that an appeal therefrom was pending in the Appellate Division. This contention is without merit. Hence, defendant cannot validly claim that *350 the State's action in entering into the plea bargain with him violated or had the potential to violate its duty of good faith and essential fairness in dealing with a defendant. Contrast Blackledge v. Perry, supra.
Affirmed.
NOTES
[1] It should be noted that with respect to the denial of motions to suppress, the court rules now allow an appeal on that issue notwithstanding the entry of a guilty plea. R. 3:5-7(d).
[2] In Menna, supra, 423 U.S. at 63, 96 S.Ct. at 242, 46 L.Ed.2d at 197-198, n. 2, the Supreme Court stated that a guilty plea bars constitutional claims "where it [the plea] renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established;" but that with respect to a double jeopardy claim, since the State may not convict no matter how validly defendant's factual guilt is established, the guilty plea does not bar that claim. In Scott, supra, decided after Menna, the Court stated that a denial of a speedy trial claim is not related to the question of factual guilt or innocence. 437 U.S. at 97-100, 98 S.Ct. at 2197-98, 57 L.Ed.2d at 79. But that statement was made in the context of a discussion of whether the Government had the right to appeal a dismissal of an indictment on speedy trial grounds in light of the double jeopardy clause. We do not consider the foregoing characterization of the speedy trial right in Scott as in any wise undercutting our conclusion that the assertion of a speedy trial claim is precluded by a proper guilty plea.