**Charles TRAILOR, Petitioner,**

v.

**Howard BEYER, et al., Respondents.**

**Civ. No. 86–3807 (AET).**

United States District Court,
D. New Jersey.

Sept. 14, 1987.

Charles Trailor, pro se.

Eta M. Gershen, Dist. Atty. Gen., Div. of Crim. Justice, Appellate Section, Trenton, N.J., for respondents.

### ON PETITION FOR WRIT OF HABEAS CORPUS

ANNE E. THOMPSON, District Judge.

This matter comes before the court on a petition filed by Charles Trailor seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This is petitioner's fourth application for habeas relief before this court.

Petitioner was convicted of murder in the first degree pursuant to a plea of non vult in the New Jersey Superior Court, Law Division, Monmouth County (formerly Monmouth County Superior Court) for which judgment was entered and petitioner was sentenced to a life term on May 4, 1951. Petitioner's first application for a writ of habeas corpus before the Monmouth County Superior Court was dismissed on October 11, 1962. The New Jersey Supreme Court denied his appeal for lack of merit on January 28, 1963 and the United States Supreme Court denied certiorari, 374 U.S. 814, 83 S.Ct. 1707, 10 L.Ed.2d 1037 (1963). Petitioner's application for a writ of habeas corpus before this court, Civ. No. 548–63, was denied in a detailed Memorandum & Order by the Honorable Arthur S. Lane, U.S.D.J. on December 13, 1963.

On February 2, 1965, petitioner filed his application for post-conviction relief in the Monmouth County Court. On November 24, 1965, the court ordered that a presentence report be compiled and petitioner be presented to County Court on motion for resentence. On December 23, 1965, petitioner's motion to retract his plea of non vult was denied and an order on resentence, again imposing a life term, was entered. On April 28, 1966, the Federal District Court filed an order denying petitioner's application for a writ of habeas corpus in Civ. No. 420–66. Subsequently, Judge Lane also dismissed a petition for a writ of habeas corpus in Civ. No. 691–66 on August 5, 1966 as he found it raised issues which had been adjudicated in prior petitions.

In his present application for habeas relief, his fourth petition before this court, petitioner lists six grounds for relief. Respondents argue that each of these issues has been adjudicated in the prior applications before this court. We have carefully reviewed petitioner's arguments and the record of his prior habeas petitions. Though we are unable to determine from the information before us whether each of Mr. Trailor's contentions has been previously reviewed, we find, nevertheless, that he is not entitled to habeas relief.

■ Petitioner's first ground for relief states that his conviction and life sentence are illegal because his counsel entered a plea of non vult to murder in the first degree, rather than a plea of non vult to the indictment, and that the trial court, unable to consider the lesser sentences for second degree murder, consequently gave him a life sentence. Petitioner raised this issue in his application for post-conviction relief which was denied on November 24, 1965. The County Court found that while the plea of non vult to a degree of murder should not have been permitted, such a plea is not fatal under *State v. Williams*, 39 N.J. 471, 479, 189 A.2d 193 (1963), *cert. denied*, 374 U.S. 855, 83 S.Ct. 1924, 1 L.Ed.2d 1075 (1963), *rev'd on other grounds*, 82 N.J. 392, 413 A.2d 593 (1980). Further, petitioner could have properly

raised this issue in his third habeas petition, Civ. No. 691–66, which followed his application for post-conviction relief, but he did not. 28 U.S.C. § 2244(b) provides that a district court need not hear a successive petition unless it is "satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ." Section 2244(b) reflects the need to balance the rights of the individual prisoner against the "interests of the State in administering a fair and rational system of criminal laws," including an interest in the "finality of judgments in habeas corpus proceedings." *Kuhlmann v. Wilson*, 477 U.S. 436, ——, 106 S.Ct. 2616, 2625, 91 L.Ed.2d 364 (1986). We find, as did the state court in its November 24, 1965 ruling on petitioner's application for post-conviction relief, that while petitioner should not have been permitted to plead non vult to a particular degree of murder such a plea does not render his conviction unconstitutional.

■ Petitioner's second ground for relief states that his conviction was obtained in violation of Due Process and Equal Protection because his plea of non vult was not voluntary and he did not understand the nature of the plea. This issue was originally adjudicated by this court in Civ. No. 548–63, where Mr. Trailor's petition was denied. The issue was again raised in Civ. No. 691–66 where this court denied the writ for raising matters previously adjudicated. In *Kuhlmann*, the Supreme Court clarified when a district court may consider successive petitions for federal habeas relief from a state conviction under § 2244(b):

> we conclude that the "ends of justice" require federal courts to entertain such petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence.

477 U.S. at ——, 106 S.Ct. at 2627. Nowhere in his present application has petitioner supplied any arguments that constitute a "colorable showing of factual innocence." Thus, we will not consider any claims for relief which have been adjudicated in prior petitions before this court.

Petitioner alleges, however, that these judgments were made without consideration of the transcript of the plea hearing which was then unavailable, and that consequently, his current petition deserves our attention on the merits. Petitioner had obtained the transcript of his plea hearing by the time he filed his second habeas petition in this court, Civ. No. 420–66. Mr. Trailor claims the court did not allow him to file supporting documents in that matter because it never reached the merits, denying the petition for failure to exhaust state remedies. We are unable to determine whether petitioner filed the transcript in Civ. No. 691–66, his last habeas petition before this court.

If petitioner did file the plea hearing transcript in Civ. No. 691–66, then the issue would have been fully adjudicated in that proceeding and could not be reconsidered at this time. If Mr. Trailor did not submit the transcript for the court's consideration, we find that he could have submitted it in Civ. No. 691–66 as he had submitted it in 420–66, the petition immediately preceding 691–66. The court notes, however, that a transcript of the plea hearing was filed with the court in this proceeding as an attachment to petitioner's motion to amend filed November 13, 1986. The court has reviewed the transcript and finds that even if the transcript was not reviewed by the court in previous proceedings, it does not add to the facts previously presented in plaintiff's habeas petitions before this court and before the state court. The court finds that the issue of plaintiff's non vult plea has been fully reviewed in his prior habeas proceedings. As plaintiff has produced no evidence which supplements his constitutional claim "with a colorable showing of factual innocence" this court will not now reconsider plaintiff's claim that his plea was not voluntary and violated his rights to due process and equal protection.

In his third ground for relief, petitioner states that his defense counsel was ineffective or incompetent in his representation. This matter was clearly reviewed in Civ. No. 548–63, in which this court remarked, "the representation given Trailor by Mr. Green, a distinguished member of the bar, was most conscientious and it clearly appears he served the petitioner in a very competent and loyal manner." The court will not review this matter again.

Petitioner's fourth ground for relief states that his confession was obtained in violation of the Sixth Amendment because he did not have the assistance of counsel. The Monmouth County Court correctly dismissed this allegation during post-conviction proceedings finding that Mr. Trailor did not have to be advised of his right to counsel because *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) did not apply. "*Escobedo* ... should apply only to cases commenced after [that decision was announced]." *Johnson v. New Jersey*, 384 U.S. 719, 733, 86 S.Ct. 1772, 1781, 16 L.Ed.2d 882 (1966). Thus, Mr. Trailor will have no relief under his fourth theory.

▮▮▮ Ground five of the petition states that Mr. Trailor's motion to withdraw plea of non vult to murder in the first degree was improperly denied in violation of the Due Process Clause of the Fourteenth Amendment. Rule 3:21–1 of the New Jersey Rules Governing Criminal Practice (formerly R.R. 3:7–10(a)) states:

> A motion to withdraw a plea of guilty or non vult shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice.

The decision to permit withdrawal of a plea after the defendant has been sentenced is a matter for the court's discretion. The state's interest in finality of judicial procedures, as well as a determination as to whether the circumstances show the plea "was made truthfully, voluntarily, and understandingly" are policy considerations in making this determination. *State v. Herman*, 47 N.J. 73, 76–77, 219 A.2d 413 (1966). Petitioner's motion to retract his plea was made when the Superior Court ordered that he be resentenced fifteen years after he was originally sentenced. The Superior Court in denying petitioner's motion to retract the plea, found that Mr.

Trailor "understood the nature of his plea, that it was voluntarily made and that he did not suffer manifest injustice ..." (Ra 1). This factual finding of the state court is entitled to our deference. *Marshall v. Lonberger*, 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983). Further, this court in Civ. No. 548–63 and Civ. No. 691–66 rejected petitioner's prior habeas petitions in which he contended that he did not understand the nature of his plea and that it was not voluntary. We therefore hold that there is no "manifest injustice" for which petitioner should be allowed to withdraw his plea after sentencing. Thus, we find that his fifth ground for relief is without merit.

Petitioner's sixth ground for relief states that the New Jersey statutes defining the crime and punishment for murder in the first degree are unconstitutional because they impose a more severe punishment on a defendant who pleads not guilty and is thereafter convicted than on a defendant who is convicted by his own plea. In post-conviction proceedings, the County Court denied this ground for post-conviction relief, stating that the statute makes no distinction between those who are convicted by a jury and those who plead guilty (Ra 1). On petitioner's appeal from that judgment, this court affirmed the County Court's decision in Civ. No. 420–66. We find, therefore, that this ground has been previously adjudicated.

As petitioner has set forth no grounds by which he may obtain relief, we hereby deny his petition for habeas corpus.

### ORDER

For the reasons set forth in this court's opinion filed even date herewith, it is on this 28th day of August 1987,

ORDERED that the petition for writ of habeas corpus of Charles Trailor, filed on September 29, 1986, be and hereby is dismissed. This court certifies that there is no probable cause for appeal from this order. No costs.