NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1528-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

LATIA R. HARRIS,

 Defendant-Appellant.
______________________________

 Submitted May 30, 2017 – Decided June 22, 2017

 Before Judges Haas and Currier.

 On appeal from the Superior Court of New
 Jersey, Law Division, Salem County, Indictment
 No. 14-11-0654.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Alison Perrone, Designated
 Counsel, on the brief).

 John T. Lenahan, Salem County Prosecutor,
 attorney for respondent (Thomas A. DeSimone,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Latia Harris appeals from an October 30, 2015 order

denying her motion to withdraw her plea. After reviewing the
record in light of her contentions and the applicable principles

of law, we affirm.

 Defendant was charged in an indictment with second-degree

aggravated assault, N.J.S.A. 2C:12-1(b)(1), and two counts of

terroristic threats, N.J.S.A. 2C:12-3, following an altercation

memorialized in a video recording. The video showed defendant

approaching the much smaller victim who was walking with her three-

year-old son and pushing a stroller. Although the victim attempted

to walk away, defendant knocked her to the ground and then kneeled

on top of the victim, punching her in the head and face multiple

times. Before she walked away, defendant kicked the victim who

was still lying on the ground, bleeding profusely from her head

and face. Defendant also threatened the victim and child. The

victim was treated in the hospital and discharged with diagnoses

of multiple nasal bone fractures, a nasal septal deviation and

soft tissue swelling, and a head injury.

 Defendant moved to dismiss the indictment. The State argued

that the video evidence was sufficient to support an attempt to

cause serious bodily injury and the second-degree charge of

aggravated assault. In denying defendant's motion, the trial

judge agreed that the "closed-head injury" and "multiple strikes

by the defendant" were sufficient to establish there was attempt

to cause injury.

 2 A-1528-15T3
 On April 20, 2015, defendant pleaded guilty to second-degree

aggravated assault, to be sentenced as a third-degree crime. The

prosecutor agreed to recommend a three-year sentence subject to

the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and to dismiss

the terroristic threat charges. Defense counsel questioned

defendant to establish a factual basis for her plea:

 Q Okay. So I'm going to take your
 attention to the date of June 24, 2014. Do
 you remember that date?

 A Yes.

 Q You were in the City of Salem,
 correct?

 A Yes.

 Q And at that time, you came in
 contact with [the victim] correct?

 A Yes.

 Q You knew [the victim] through
 working, correct?

 A Yes.

 Q And at that time, you had assaulted
 her causing serious bodily injury, correct?

 A Yes.

 Q And you have no reason to dispute
 that the injuries you caused were serious
 bodily injuries, is that correct?

 A (Inaudible.)

 3 A-1528-15T3
 Q You don't have any reason to dispute
 it, do you?

 [Assistant Prosecutor]: You would agree
 that those were the injuries that she
 sustained that were tantamount to serious
 bodily injury?

 Defendant: Yes

 [By Defense Counsel]:
 Q Okay. So how do you plead to
 committing a second-degree aggravated assault
 to be sentenced as a third on the date in
 question? Guilty or not guilty?

 A Guilty.

 Upon questioning by the court, defendant testified that she

understood that she was giving up her right to a trial by jury and

that she would be required to serve two years, six months and

twenty days before she was eligible for parole. She also testified

that she was satisfied with the services of defense counsel, that

she was not forced or coerced to enter the plea, and that she was

not under the influence of drugs or alcohol or anything that would

affect her ability to understand the proceedings. The judge found

that there was a sufficient factual basis for the plea and that

"it was made freely, voluntarily, without coercion[,] with a full

understanding of the ramifications, knowing waiver of trial, [and]

adequate representation of counsel."

 4 A-1528-15T3
 In August 2015, prior to sentencing, defendant filed a motion

to modify her plea agreement1 or, in the alternative, withdraw her

plea.2 She argued that she had established a basis for the motion

under State v. Slater, 198 N.J. 145 (2009), in asserting a

colorable claim of innocence because she never attempted or caused

serious bodily injury to the victim.

 On October 30, 2015, the court denied defendant's motions

and sentenced her in accordance with the plea agreement. In

reviewing the required factors under Slater, the judge noted that

defendant had not asserted a colorable claim of innocence; she

only argued "that she did not intend to cause serious bodily injury

because she did not use a weapon." The judge further stated that:

 The evidence supports the defendant struck the
 victim many times while in the presence of the
 victim's child, and then threatened the child
 as well.

 The Court is aware also that the evidence
 showed [defendant] standing over . . . a
 helpless victim while on the ground and
 repeatedly striking her.

1
 Defendant sought to eliminate the NERA requirement and serve a
three-year flat sentence. This issue has not been presented to
us on appeal.
2
 These motions were heard and determined by a different judge
than had considered the prior motions and conducted the plea
hearing.

 5 A-1528-15T3
The judge concluded defendant's argument that she had no intent

to cause or that "she could not have caused serious bodily injury,

frankly, [was] meritless."

 After analyzing the remaining Slater factors, the court found

that defendant had failed to meet her burden of proof that the

plea agreement should be set aside, and her motion was denied.

 On appeal, defendant argues that the trial court erred in

denying her motion to withdraw her guilty plea. She contends that

she did not cause serious bodily injury to the victim and that

there is no evidence that she attempted to do so since the

altercation was brief and no weapons were used. Defendant concedes

that she did not dispute at the plea hearing that she caused

serious bodily injury to the victim. However, she contends that

the Slater factors weigh in favor of granting her motion to

withdraw her guilty plea.

 A motion to withdraw a guilty plea is committed to the judge's

sound discretion. Slater, supra, 198 N.J. at 156 (citations

omitted); State v. Phillips, 133 N.J. Super. 515, 518 (App. Div.

1975). We will only overturn a judge's decision if there was an

abuse of discretion causing the decision to be clearly erroneous.

We are mindful that discretion should ordinarily be exercised

liberally where the motion is made before sentencing. Slater,

supra, 198 N.J. at 156 (citations omitted). "In a close case, the

 6 A-1528-15T3
'scales should usually tip in favor of defendant.'" Ibid. (quoting

State v. Taylor, 80 N.J. 353, 365 (1979)).

 A defendant bears the burden to demonstrate that fairness

requires withdrawal of his plea, and he must make that showing

upon a balance of competing factors. State v. Russo, 262 N.J.

Super. 367, 373 (App. Div. 1993) (quoting State v. Huntley, 129

N.J. Super. 13, 17 (App. Div.), certif. denied, 66 N.J. 312, 331

(1974)). Although a motion to withdraw a plea after sentencing

must be supported by "strong, compelling reasons," [] "a lesser

showing is required for motions raised before sentencing." Slater,

supra, 198 N.J. at 160.

 The applicable factors are: "(1) whether the defendant has

asserted a colorable claim of innocence; (2) the nature and

strength of defendant's reasons for withdrawal; (3) the existence

of a plea bargain; and (4) whether withdrawal would result in

unfair prejudice to the State or unfair advantage to the accused."

Id. at 157-58 (citation omitted). While all factors must be

considered and balanced, "[n]o factor is mandatory; if one is

missing, that does not automatically disqualify or dictate

relief." Id. at 162.

 With respect to the first factor, "[a] bare assertion of

innocence is insufficient to justify withdrawal of a plea." Id.

at 158. Instead, a defendant must "present specific, credible

 7 A-1528-15T3
facts and, where possible, point to facts in the record that

buttress [her] claim." Ibid. (citations omitted). There must be

more than just a "change of heart" to warrant leave to withdraw a

guilty plea once entered. Id. at 157.

 According to Slater, the second factor, the nature and

strength of defendant's reasons for withdrawal, "focuses on the

basic fairness of enforcing a guilty plea by asking whether

defendant has presented fair and just reasons for withdrawal, and

whether those reasons have any force." Id. at 159. Although we

are not to approach the reasons for withdrawal with "skepticism,"

we "must act with 'great care and realism' because defendants

often have little to lose in challenging a guilty plea." Id. at

160 (citing Taylor, supra, 80 N.J. at 365).

 With respect to the third Slater factor, whether the plea was

entered as the result of a plea bargain, the Court noted that

"defendants have a heavier burden in seeking to withdraw pleas

entered as part of a plea bargain." Id. at 160 (citations

omitted). However, the Court did "not suggest" that the third

factor "be given great weight in the balancing process." Id. at

161.

 As to the fourth factor, unfair prejudice to the State or

unfair advantage to the accused, the Court stated that there was

"no fixed formula to analyze the degree of unfair prejudice or

 8 A-1528-15T3
advantage that should override withdrawal of a plea" and that

"courts must examine this factor by looking closely at the

particulars of each case." Ibid. The "critical inquiry . . . is

whether the passage of time has hampered the State's ability to

present important evidence." Ibid. The State need not show

prejudice "if a defendant fails to offer proof of other factors

in support of the withdrawal of a plea." Id. at 162.

 We consider these factors in light of defendant's arguments

and the evidence in the record. "When evaluating a defendant's

claim of innocence, courts . . . . are not to conduct a mini-trial

[but] should simply consider whether a defendant's assertion of

innocence is more than a blanket, bald statement and rests instead

on particular, plausible facts." Id. at 158-59. Defendant has

not presented "specific, credible facts" to support any colorable

claim of innocence. She asserts only that the altercation was

brief and she used her hands, not a weapon. We agree with the

trial judge that this argument is meritless. Defendant knelt over

a helpless victim striking her multiple times. Her actions belie

any statement that she did not intend to cause serious injury.

This effort to withdraw her plea is essentially the type of "change

of heart" that ordinarily warrants little weight in terms of the

first Slater prong.

 9 A-1528-15T3
 The second factor considers the nature and strength of

defendant's reasons for withdrawing her plea. Defendant

reiterates the same argument she makes in respect to the first

factor; that she did not commit the crime to which she pled guilty.

As discussed, this does not satisfy this factor.

 Although the plea was the result of a plea offer, we do not

accord that fact great weight in assessing the third and fourth

factors because we discern no particular prejudice to the State

if the plea were withdrawn.

 Having balanced the Slater factors, we find no error in the

judge's exercise of his "sound discretion" in denying the motion.

We do not consider this the type of "close case" in which the

balance should tip in favor of a defendant. Defendant made a

counseled and knowing decision to plead guilty; her change of

mind, absent viable support for her theoretically colorable claim

of innocence, did not warrant leave to withdraw her plea.

 Affirmed.

 10 A-1528-15T3