# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0830-19T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

V.

ANDRE A. DEMELO,

    Defendant-Appellant.

_____

Argued December 16, 2020 – Decided  January 12, 2021

Before Judges Fuentes, Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-11-2782.

James H. Maynard argued the cause for appellant.

Emily M. M. Pirro, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Emily M. M. Pirro, of counsel and on the brief).

PER CURIAM

Following an evidentiary hearing, defendant Andre A. DeMelo appeals from: (1) a September 24, 2019 order denying his petition for post-conviction relief (PCR) that intertwined ineffective assistance of counsel claims with a request to vacate his guilty plea; and (2) a July 19, 2019 order denying his motion to compel post-conviction discovery. The crux of defendant's contentions on appeal is that his plea counsel failed to investigate various possible defenses, thereby warranting withdrawal of his guilty plea. We disagree and affirm substantially for the reasons expressed by Judge John Zunic in his comprehensive written decisions that accompanied the orders under review.

I.

The underlying facts are straightforward; the post-conviction procedural history is protracted. Because both aspects of this appeal are well known to the parties and accurately detailed in Judge Zunic's decisions, we highlight only those facts and events that are pertinent to our analysis.

In November 2011, while searching the internet for persons who received or transmitted child pornography, detectives assigned to the Cyber Crime-Tech Services Unit of the Essex County Prosecutor's Office (ECPO) identified defendant's residence as a source of child pornography files. On November 15,

2

2011, between 9:08 a.m. and 9:57 a.m., an ECPO detective utilized the peer-to-peer file sharing network, Gnutella, and downloaded one file from defendant's computer. That file entitled, "(Pthe) Toddler – child 5yo sofie.mpg," depicted an adult male and "a naked prepubescent girl under the age of sixteen" engaged in penile-vaginal penetration.

On January 31, 2012, ECPO detectives executed a search warrant at defendant's home and seized three computers, including an HP laptop that contained child pornography. After waiving his Miranda[1] rights, defendant told the detectives he lived at the residence with his mother and stepfather, but defendant was the only person who used his HP laptop. Defendant also admitted he accessed the file-sharing program, LimeWire, to download and view child pornography. Claiming he disabled the sharing function in his LimeWire program, defendant said he never "share[d]" files.

Later that year, defendant was charged in a two-count Essex County indictment with second-degree endangering the welfare of a child (EWC) by distributing child pornography, N.J.S.A. 2C:24-4(b)(5)(a) (count one), and fourth-degree EWC for possessing child pornography, N.J.S.A. 2C:24-

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

4(b)(5)(b) (count two).  In May 2013, defendant entered a negotiated guilty plea to count one.

During his plea hearing, defendant admitted he "offer[ed] – or pre-offer[ed] through . . . a video file-sharing program – certain photographs, films and videotapes" one of which "depicted a child younger than the age of sixteen engaged in prohibited sexual acts."  Defendant further acknowledged "by knowingly offered, [he] mean[t] [he] knew that others could obtain those videos and photos from [him]."  Defendant told the judge he was satisfied with plea counsel's advice, had reviewed all the questions and his answers to the plea form with his attorney, and those answers were truthful.

Another judge sentenced defendant within the third-degree range to a three-year prison term and dismissed count two of the indictment pursuant to the plea agreement.  Defendant also was required to register as a sex-offender under Megan's Law.[2]

Defendant did not file a direct appeal.  In January 2016 – more than two years after his August 2013 sentence – defendant retained PCR counsel "to determine whether he had a plausible [PCR] claim."  The ECPO denied PCR

---

[2] At the time he entered his guilty plea, defendant neither was required to submit to an evaluation at the Adult Diagnostic and Treatment Center nor was subject to parole supervision for life.

A-0830-19T4

counsel's request for all discovery related to defendant's case.  Judge Zunic, who had not conducted the plea or sentencing proceedings, issued an oral decision denying defendant's ensuing motion for post-conviction discovery.  We affirmed, concluding the judge did not abuse his discretion in denying defendant's "generalized" request.  State v. DeMelo, No. A-3903-15 (App. Div. May 22, 2017) (slip op. at 7).  The Supreme Court denied certification.  231 N.J. 323 (2017).

Thereafter, PCR counsel timely filed defendant's initial verified petition for PCR,[3] and twice amended the petition.  Filed four days before the scheduled evidentiary hearing, defendant's second amended petition was accompanied by another motion to compel discovery.  Defendant sought the identity of the software and source code utilized by the Cyber Unit detectives, and another inspection of his computer.  Notably, the State had previously permitted examination of defendant's computer by Tino Kyprianou, one of defendant's three forensic experts.

In his second-amended PCR petition, defendant claimed plea counsel misadvised him about the "mens rea element" of the crime charged in count one; "failed to investigate whether a computer forensic expert analysis was required

---

[3] Defendant's initial petition was not provided on appeal.

A-0830-19T4

to establish a defense to the distribution of child pornography charge"; "failed to investigate and assert an alibi defense;" and, as such, plea counsel ignored defendant's "repeated denial that he had shared child pornographic files." Asserting "a colorable claim of innocence," defendant also requested that the PCR judge consider his application as a motion to withdraw his plea.

Denying defendant's request to adjourn the evidentiary hearing "prior to completing all of the forensic work," Judge Zunic commenced the hearing on June 18, 2019 and carried the discovery motion to afford the State the opportunity to respond. Defendant presented the testimony of his former attorney and testified on his own behalf. Defendant also introduced in evidence six documents, including his paystubs for the month of November 2011.

Plea counsel testified he was familiar with our decision in State v. Lyons, 417 NJ. Super. 251 (App. Div. 2010),[4] addressing the distribution of child pornography under the child pornography statute in effect at the time of

_____

[4] In Lyons, we analyzed the various amendments to N.J.S.A. 2C:24-4(b)(5)(a), and found they "evince[d] a clear legislative intent to prohibit 'any means' of dissemination of child pornography, specifically including over the [i]nternet and specifically including computer 'files' containing such materials." Id. at 262. "Consider[ing] . . . the terms in the statute in light of these legislative initiatives[,]" we concluded "the terms should be construed very broadly." Ibid. We noted the "[d]efendant used the modern technology of computers and the [i]nternet, with a file sharing network, to provide and offer child pornography he possessed in his shared folder." Ibid.

A-0830-19T4

defendant's arrest. After reviewing discovery, plea counsel determined defendant had no defense to that charge. Plea counsel explained that had defendant disabled the shared function as he had claimed, the Cyber Unit detectives "would never have been able to download files" using defendant's LimeWire. Further, defendant provided "no other possibilities for defenses" and never said he was not home when the file at issue was downloaded. Plea counsel testified he "would never have a client plead guilty, if they [we]re in fact not guilty."

Plea counsel further testified he would not have hired a forensic computer expert in this case, even "[i]n retrospect." Noting his office handles "a lot of child pornography cases" and no issues concerning the sharing or downloading of files over LimeWire or "other programs" have arisen, plea counsel maintained an expert was unnecessary.

Defendant's testimony contradicted his prior statements to the Cyber Unit detectives. For example, defendant testified his stepfather had used his computer, which was not password protected. Defendant acknowledged he told the detectives "[n]o one else use[d] [his computers]," but testified that he meant "while [he] was home." He claimed he did not make that distinction when questioned by detectives because he "had just woken up."

Defendant maintained he never "put any files into th[e] public-shared folder," and disabled the sharing function on LimeWire "every time" he used the computer because he "did not want to . . . share any files." He said he was working in New York City when the file at issue was downloaded. Defendant claimed he "lied" at his plea hearing "when [he] said [he] shared or distributed child . . . pornography" because plea counsel "told [him] that [he] had to say yes to be able to get that plea deal." But when asked on cross-examination what he felt he "had to gain by lying[,] knowing that it would send [him] to prison for three years[,]" defendant responded: "What I had to gain was not going to jail for five to ten years."

At the conclusion of defendant's testimony, PCR counsel indicated he anticipated calling two forensic expert witnesses and reserved his "right to recall witnesses based on further discovery or further investigation." Accordingly, the judge adjourned the hearing.

## II.

### A.  Motion to Compel Post-Indictment Discovery

Following argument on July 15, 2019, Judge Zunic reserved decision and thereafter issued a cogent written decision that accompanied the July 19, 2019

order, denying defendant's motion to compel post-conviction discovery.  Citing

State v. Marshall, 148 N.J. 89 (1997), the PCR judge correctly recognized

> our Supreme Court noted that the relevant court rules
> for PCR proceedings do not authorize discovery.
> However, the decision [in Marshall] also noted courts
> have in PCR proceedings, the "'inherent power to order
> discovery when justice so requires.'"  Id. at 269
> (quoting State ex rel. W.C., 85 N.J. 218[, 221] (1981)).
> The [Court's] opinion expected trial courts to [grant
> post-conviction discovery] only in the "unusual" PCR
> case and only on a showing of "good cause" and
> relevance to "defendant's case."  The Court also noted:
> "PCR 'is not a device for investigating possible claims,
> but a means for vindicating actual claims.'"  Id. at 270
> (quoting People v. Gonzalez, . . . 800 P.2d 1159, 1206
> (Cal. 1990) . . . ).

Addressing the procedural posture of the matter, including our affirmance

of defendant's first motion to compel post-conviction discovery, the PCR judge

described defendant's present motion as "precisely the proverbial 'fishing

expedition' frowned upon by Marshall."  Noting the absence of any New Jersey

caselaw on point, the judge recognized no federal court has permitted the

production of the particular software at issue or other "similar software utilized

by law enforcement, even in post-indictment settings."  The judge thoroughly

considered the cases cited by defendant and found defendant's experts failed to

"provide[] any proof that the programs or software[] used in this case

malfunctioned or were prone to malfunction."  Nor did defendant demonstrate

A-0830-19T4

the Cyber Unit detectives "downloaded only fragments of child pornography from his computer." Cf. U.S. v. Budziak, 697 F.3d 1105, 1112 (9th Cir. 2012).

The PCR judge further observed defendant failed to cite any cases requiring production of the Gnutella program or its source code "in a post-conviction proceeding." The judge correctly distinguished the Court's decision in State v. Chun, 194 N.J. 54 (2008) and our decision in State v. Behn, 375 N.J. Super. 409 (App. Div. 2005), neither of which decided applications for post-conviction discovery.

The judge elaborated:

> In short, [defendant] has not cast even a slight doubt upon the fact that law enforcement was able to download the subject video from his computer. In fact, his experts acknowledge, or at least do not dispute, that the file was downloaded. Mr. Kyprianou, in his unsworn and unsigned report, essentially confirms the file was downloaded but he wanted to further examine the computer image in an "attempt to establish what happened that day and why the investigator was able to download this one file" Apparently he was given that opportunity but issued no follow-up report. This unsupported hunt for a possible plausible claim by [defendant] is further confirmed by [PCR counsel]'s correspondence to the [c]ourt dated May 2, 2018, which states [defendant] sought access to the computer hard drives "in order to prove or disprove" his claim of disabling the file-sharing feature.

Further, the judge found defendant's argument "that there <u>may</u> be something wrong with the programs and software" utilized by the Cyber Unit detectives contradicted defendant's assertion that "perhaps his stepfather turned on the file-sharing feature while [defendant] was at work." Because "the file-sharing feature was activated[,]" the judge found defendant's admissions "confirm[ed] that nothing was wrong with the program or software." Accordingly, Judge Zunic denied defendant's motion and the parties thereafter declined the judge's invitation to present additional witnesses.

B.  <u>Application to Withdraw Guilty Plea and for PCR on Ineffective Assistance of Counsel Grounds</u>

In his thirty-four-page written decision that accompanied the September 24, 2019 order, Judge Zunic thoroughly reviewed the factual background and procedural history of the case, made detailed factual and credibility findings from the testimony elicited at the evidentiary hearing, analyzed the issues raised by the parties, and comprehensively applied the applicable legal principles. In doing so, the judge squarely addressed the separate, although sometimes overlapping tests that govern withdrawal of guilty pleas and PCR claims challenging a defense attorney's effectiveness. <u>See</u> <u>State v. O'Donnell</u>, 435 N.J. Super. 351, 368 (App. Div. 2014).

A-0830-19T4

In evaluating the credibility of the witnesses, the PCR judge described plea counsel's testimony as "very credible," ascribing "great weight" to his testimony. According to the judge, plea counsel

> spoke clearly with a calm demeanor, which was consistent on direct examination as well as on cross-examination. He maintained good eye contact with everyone and did not avoid answering any questions. He was also unemotional, professional and showed no interest or bias in the case. Despite the questioning of his representation, [plea] [c]ounsel did not take on a defensive tone or posture. When he did not know an answer or was unsure, he so indicated. He also had significant recollection of events in this case despite the passage of time (approximately six years), and set forth [his] experience in defending such cases even when questioned as to relevant case law.

By contrast, the PCR judge "did not find [defendant] credible at all." Referencing defendant's various statements, the judge found defendant's "sworn PCR hearing testimony clearly contradicted his sworn plea testimony[,] . . . his statement to detectives at the time of his arrest," and his "certifications in support of his present petition for PCR." Accordingly, the judge "simply c[ould] not tell which version, if any [wa]s 'the truth.'"

Regarding defendant's request to vacate his guilty plea, the judge determined defendant failed to satisfy the "manifest injustice" standard under Rule 3:21-1 that "governs the withdrawal of guilty pleas . . . subsequent to

12

sentencing." The judge then methodically evaluated the applicable factors enunciated by the Court in State v. Slater, 198 N.J. 145, 157-58 (2009): "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal [will] result in unfair prejudice to the State or unfair advantage to the accused."

Judge Zunic separately considered defendant's ineffective assistance of counsel claims, concluding defendant failed to demonstrate by a preponderance of the credible evidence that plea counsel's performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 49-53 (1987), or that defendant was prejudiced as required under the second prong of the Strickland/Fritz test. In doing so, the judge rejected defendant's argument that plea counsel failed to properly investigate his contradictory defenses.

As to both applications, the PCR judge cited his credibility findings. For example, as to the first Slater factor, the judge found defendant provided nothing more than "bald assertions" thereby "fail[ing] to allege specific, credible facts" to support a "colorable claim of innocence." Citing defendant's testimony, the

judge found defendant failed to support his claim that he was working when the Cyber Unit downloaded the child pornography file, or that his stepfather "turned on [defendant's] computer, accessed LimeWire, and enabled file sharing." Indeed, the judge noted defendant "never provided the name of his stepfather during his testimony or [in] his submitted certifications" for PCR.

Similarly, the judge found defendant failed to support his ineffective assistance of counsel claims. The judge detailed one notable example:

> [Defendant] at no point submitted any documents tending to prove he was at work on the date and time the [ECPO] downloaded the file. The [paystubs] he did provide . . . did not list hours or days worked, or even location. Petitioner also did not submit any statements or proffer any testimony by his stepfather that he was home on the same date, had in fact used or knew how to use [defendant]'s laptop, opened LimeWire, and/or enabled file sharing. [Defendant] noted during his testimony that after leaving state prison, his stepfather was still around. If so, it strains credulity that [defendant] made no attempt to contact his stepfather either after his arrest or after his release from prison. [Defendant] also did not provide his stepfather's name during his testimony or his several certifications and briefs. In addition, he never testified as to the computer skills, or lack thereof, of his stepfather.
>
> Similarly, [defendant] never told law enforcement about the potential stepfather/alibi defense. Given the credibility findings above, the [c]ourt also concludes he never advised [plea] [c]ounsel of the potential defense. Moreover, the State played his audio statement to law enforcement [at the hearing]

14

where on two separate occasions he said no one else used his laptop.

Cumulatively, [defendant]'s lack of credibility shows [he] has failed to prove that [plea] [c]ounsel ignored his potential defenses, and thus was not ineffective in his representation. Moreover, because [defendant] did not tell [plea] [c]ounsel that his stepfather used his laptop, or that he was at work at the time, proves [defendant] in fact had no defense to the distribution of child pornography charge, not but for [plea] [c]ounsel's alleged misrepresentation, but rather, for the unavailability of such a defense.

Finally, the PCR judge correctly applied the reasoning of our decision in Lyons, 417 NJ. Super. 251 (2010), to reject defendant's contention that plea counsel erroneously advised defendant he had no defense to the child distribution charge. As the PCR judge observed, in Lyons we determined "the defendant was aware that LimeWire's shared folder made anything in the folder available to others." See id. at 263. Although defendant claimed he disabled the sharing function, Cyber Unit detectives downloaded the file containing child pornography on November 15, 2011. And, as the judge observed, defendant offered no evidence to support his alternate theories that the file was not downloaded or that he was not home when it was downloaded.

On appeal, defendant raises the following overlapping points for our consideration:

POINT I

[DEFENDANT] ESTABLISHED GOOD CAUSE IN
SUPPORT OF HIS MOTION TO COMPEL
DISCOVERY WHICH WAS NECESSARY IN THE
INTERESTS OF JUSTICE, AND THE PCR COURT'S
DENIAL OF THE MOTION WAS AN ABUSE OF
DISCRETION.

A. [DEFENDANT] ESTABLISHED GOOD CAUSE
   FOR REQUESTING DISCOVERY OF THE
   STATE'S SOFTWARE USED TO ACCESS
   [DEFENDANT]'S COMPUTER.

B. [DEFENDANT] WAS NOT ENGAGED IN A
   "FISHING EXPEDITION" FOR EVIDENCE, BUT
   MADE SPECIFIC REQUESTS FOR MATERIAL
   EVIDENCE CRITICAL TO HIS DEFENSE.

C. THE PCR COURT MISCHARACTERIZED THE
   CASE LAW RELIED UPON BY . . .
   [DEFENDANT] AND FAILED TO APPLY A
   FUNDAMENTAL RULE OF LAW PRECLUDING
   THE STATE FROM OBTAINING A
   CONVICTION WITH "SECRET EVIDENCE."

POINT II

THE PCR COURT ABUSED ITS DISCRETION AND
MISAPPLIED THE LAW BY DENYING
[DEFENDANT]'S PCR PETITION, WHERE [PLEA]
COUNSEL PROVIDED INEFFECTIVE
ASSISTANCE BY ERRONEOUSLY ADVISING
[DEFENDANT] AS TO THE KNOWLEDGE
ELEMENT OF THE DISTRIBUTION OF CHILD
PORNOGRAPHY CHARGE.

A. [DEFENDANT] ESTABLISHED A CLEAR CASE

16

A-0830-19T4

OF INEFFECTIVE ASSISTANCE OF COUNSEL BASED ON [PLEA] COUNSEL'S MISUNDERSTANDING OF THE ELEMENTS OF THE CHILD PORNOGRAPHY DISTRIBUTION STATUTE.

B. [PLEA] COUNSEL'S DEFICIENT PERFORMANCE PREJUDICED [DEFENDANT] BECAUSE, BUT FOR COUNSEL'S ERRONEOUS ADVICE, [DEFENDANT] WOULD HAVE MAINTAINED HIS INNOCENCE ON THE DISTRIBUTION CHARGE AND PROCEEDED TO TRIAL.

C. THE PCR COURT'S CREDIBILITY FINDINGS SUPPORT [DEFENDANT]'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

D. [THE] PCR COURT REPEATS THE LEGAL ERROR COMMITTED BY [PLEA] COUNSEL.

E. THE PCR COURT'S FINDING OF NO PREJUDICE[] ASSUMED A JURY VERDICT CONTRARY TO RELEVANT CASE LAW.

F. [THE] PCR COURT ABUSED ITS DISCRETION IN REJECTING [DEFENDANT]'S ALIBI DEFENSE AS A BASIS FOR ASSERTING INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT III

THE PCR COURT ABUSED ITS DISCRETION AND MISAPPLIED THE LAW BY DENYING [DEFENDANT]'S PCR PETITION WHERE [PLEA] COUNSEL ERRONEOUSLY ADVISED [DEFENDANT] ABOUT THE KNOWLEDGE ELEMENT OF THE DISTRIBUTION OF CHILD

17

PORNOGRAPHY CHARGE, WHICH RENDERED [DEFENDANT]'S PLEA NEITHER KNOWING, INTELLIGENT, NOR VOLUNTARY.

A. FIRST <u>SLATER</u> FACTOR: WHETHER DEFENDANT HAS ASSERTED A COLORABLE CLAIM OF INNOCENCE.

B. SECOND <u>SLATER</u> FACTOR: THE NATURE AND STRENGTH OF DEFENDANT'S REASONS FOR WITHDRAWAL WEIGH HEAVILY IN FAVOR OF PERMITTING DEFENDANT TO WITHDRAW HIS GUILTY PLEA.

C. THIRD <u>SLATER</u> FACTOR: THE EXISTENCE OF A PLEA BARGAIN.

D. FOURTH <u>SLATER</u> FACTOR: WHETHER WITHDRAWAL COULD RESULT IN UNFAIR PREJUDICE TO THE STATE OR UNFAIR ADVANTAGE TO THE ACCUSED.

POINT IV

THE PCR COURT ABUSED ITS DISCRETION AND MISAPPLIED THE LAW BY DENYING [DEFENDANT]'S PCR PETITION WHERE [PLEA] COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO CONDUCT PROPER INVESTIGATION, IN PARTICULAR, BY FAILING TO CONSULT A FORENSIC COMPUTER EXPERT.

A. THE PCR COURT COMPLETELY IGNORED [DEFENDANT]'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM GROUNDED IN [PLEA] COUNSEL'S FAILURE TO CONSULT WITH A FORENSIC COMPUTER EXPERT.

18

III.

Our review following an evidentiary hearing for PCR "is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). Where an evidentiary hearing has been held, we should not disturb "the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015) (citation omitted). We review any legal conclusions of the court de novo. Nash, 212 N.J. at 540-41.

We also review a court's decision in a plea-withdrawal appeal for abuse of discretion because the court makes "qualitative assessments about the nature of a defendant's reasons for moving to withdraw his plea and the strength of his case and because the court is sometimes making credibility determinations about witness testimony." State v. Tate, 220 N.J. 393, 404 (2015). A motion to withdraw a guilty plea is committed to the judge's sound discretion. Slater, 198 N.J. at 156; State v. Phillips, 133 N.J. Super. 515, 518 (App. Div. 1975).

Finally, we review the judge's post-conviction discovery ruling under the same abuse of discretion standard governing pre- and post-indictment discovery. See State v. Broom-Smith, 406 N.J. Super. 228, 239 (App. Div. 2009).

19

We have considered defendant's arguments raised on this appeal in view of the record, the applicable legal principles, and our deferential standards of review, and conclude defendant's reprised contentions lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2). Having conducted a de novo review of the PCR judge's legal conclusions, Nash, 212 N.J. at 540-41, we likewise find no reason to disturb the judge's decisions. We rely instead on the judge's thorough and reasoned analyses of the issues raised.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION